BOLIN, Judge.
La Vonne Marie Smith Milner appeals from a judgment rejecting her demands seeking annulment of a divorce judgment previously rendered against her in favor of her former husband, Purvis Milner. Mrs. Milner claims the divorce decree was null because, at that time, she was a nonresident and the judgment was rendered less than fifteen days after the attorney appointed to represent her had accepted service of citation. For oral reasons made a part of the record, the trial court refused to annul the judgment and petitioner appeals.
On January 30, 1969, Mrs. Milner had obtained a separation from her husband in the District Court of Caddo Parish, Louisiana, at which time both parties were domiciled and residing in Caddo Parish. The separation judgment granted the care and custody of a minor child, issue of their marriage, to the mother, and ordered the husband to pay to his wife $50 per month for the maintenance and support of the child.
On April 6, 1970, Purvis Milner filed suit against his wife for final divorce on the ground they had been living separate and apart, without reconciliation, since the rendition of the separation judgment. Based upon an allegation that the wife was a resident of Seattle, Washington, the court appointed an attorney at law to represent her in the divorce proceeding. The order appointing the attorney was dated April 6, 1970. On April 7, 1970, the attorney filed an answer in the form of a general denial.
On April 15, 1970, trial was held and the curator filed in evidence a copy of a letter, written by him and addressed to Mrs. Milner at a definite street address in Seattle, Washington, together with a receipt reflecting the letter had been sent by certified mail. On the same day judgment of final divorce was entered in favor of Milner against his wife but this judgment made no provision for custody of the minor child or alimony for her support.
On July 20, 1970, the wife instituted proceedings in the District Court of Caddo Parish, alleging the husband was $350 in arrears on his support payments for the child. Milner was ruled into court to show cause why the amount due should not be made executory and, further, why he should not be held in contempt for his failure to pay child support in accordance with the original judgment. On August 6, 1970, the husband filed an answer to *718 the rule for contempt, admitting he was delinquent in the amount of $150 for child support. However, as the judgment of final divorce, dated April 15, 1970, made no provision for child support, the husband denied owing any obligation of support after the latter date.
On August 20, 1970, the wife caused a rule to be issued asking that the divorce judgment rendered April 15, 1970, be decreed an absolute nullity because fifteen days had not elapsed from the date of service of citation on the curator ad hoc until the rendition of the final judgment. The trial of the rule consisted of the filing in evidence of all the prior proceedings between the parties and argument of counsel. The lower court rejected the wife’s demands to annul the divorce judgment, and it is the correctness of this ruling which is the issue before this court.
We think the following articles of the Louisiana Code of Civil Procedure, together with the official revision comments, control determination of the question to be decided:
“Art. 5092.
“When the court appoints an attorney at law to represent an unrepresented party, it shall appoint an attorney qualified to practice law in this state.
“The court shall not accept any suggestion as to the name of the attorney to be appointed, unless manifestly in the interest of the unrepresented party.”
.“Art. 5093.
“An attorney at law appointed by the court to represent an unrepresented party need not take an oath before entering on the performance of his duties, as his oath of office as an attorney applies to all of his professional duties.
“An attorney appointed to represent a defendant may waive citation and accept service of process, but may not waive any defense. No further action may he taken by the court after service or acceptance thereof until after the expiration of the delay allowed the defendant to answer, even though the appointed attorney may have filed an exception or answer prior thereto.” (Emphasis added)
“Official Revision Comment
“The last sentence of this article accords with the local rules of some district courts. The purpose of this prohibition is to allow an unrepresented defendant the full delay to appear and defend the suit through counsel of his own choice.”
“Art. 5094.
“When an attorney at law is appointed by the court to represent a defendant who is a nonresident or an absentee, the attorney shall use reasonable diligence to communicate with the defendant and inform him of the pendency and nature of the action or proceeding, and of the time available for the filing of an answer or the assertion of a defense otherwise.
“Art. 5095.
“The attorney at law appointed by the court to represent a defendant shall use reasonable diligence to inquire of the defendant, and to determine from other available sources, what defense, if any, the defendant may have, and what evidence is available in support thereof.
“Except in an executory proceeding, the attorney may except to the petition, shall file an answer in time to prevent a default judgment from being rendered, may plead therein any affirmative defense available, may prosecute an appeal from an adverse judgment, and generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant.”
“Art. 5096.
“The court shall allow the attorney at law appointed to represent a defendant a *719 reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court.
“The attorney so appointed may require the plaintiff to furnish security for the costs which may be paid by, and the reasonable fee to be allowed, the attorney.
“If the attorney so appointed is retained as counsel for the defendant, the attorney shall immediately advise the court and opposing counsel of such employment.”
“Art. 5098.
“The failure of an attorney appointed by the court to represent an unrepresented party to perform any duty imposed upon him by, or the violation by any person of, the provisions of Articles 5092 through 5096 shall not affect the validity of any proceeding, trial, order, judgment, seizure, or judicial sale of any property in the action or proceeding, or in connection therewith.
“For a wilful violation of any provision of Articles 5092 through 5096 an attorney at law subjects himself to punishment for contempt of court, and such further disciplinary action as is provided by law.” (Emphasis added.)
“Official Revision Comments
“Imposing the penalty of the nullity of the proceedings because of the failure of the appointed attorney to perform any of his duties would be visiting the punishment upon an innocent person, rather than on the offender. Further, to impose upon a title examiner the burden of satisfying himself that the appointed attorney has performed all of the duties imposed upon him by these articles would make title examination unduly burdensome and perilous, and would lessen the security of any title coming through such a proceeding.
“For these reasons, the article provides that the wilful failure of the appointed attorney to perform any of his duties, or the violation of any of the provisions of these articles by any person, counsel for the plaintiff or the judge, does not affect the validity of the proceedings. If an attorney at law has been appointed by the court in a case where required by law, and the attorney so appointed has been served with process or has accepted service, no one need look behind such appointment and the judgment rendered in the action or proceeding.” (Emphasis added).
Counsel for appellant argues the failure of the court to allow the expiration of fifteen days to elapse between the time the attorney for the absentee accepted .service until the judgment of divorce was rendered was in direct violation of the prohibitory language in the last sentence of Article 5093, quoted supra. Counsel further contends this was not a mere omission on the part of the attorney, such as might be cured by Article 5098, but amounted to the rendition of a judgment by a court without jurisdiction.
We do not agree with counsel’s argument that a jurisdictional question is involved but we do think the failure of the court to allow the elapse of the full fifteen days cannot be classified as a dereliction of a duty owed solely by the attorney for the absentee. To the contrary, it was the clear, mandatory duty of the court to take no further action until the expiration of the delay allowed the defendant to answer. However, it is equally clear that the provisions of Article 5098 are not limited to the failure of the attorney for the absentee to perform his duties, but also apply to the violation by “any person” of the provisions of Articles 5092 through 5096. The conclusion that “any person” includes the judge is spelled out in the emphasized portion of the official revision comment under Article 5098, supra.
*720 Neither counsel for appellant nor appel-lee have urged the applicability or non-applicability of Louisiana Code of Civil Procedure Articles 2001 through 2004 relating to the action of nullity. However, if the divorce judgment in the instant case is to be annulled, it must be done under the authority of Article 2002, which provides :
“A final judgment shall be annulled if it is rendered:
“(1) Against an incompetent person not represented as required by law;
“(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
“(3) By a court which does not have jurisdiction over the subject matter of the suit.
“Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.”
The cases appear to be uniform in holding the grounds for nullifying final judgments, which are enumerated by statute, are exclusive. Willoz v. Veterans Acceptance and Thrift, Inc. (La.App. 4 Cir. 1966), 188 So.2d 186; Gumina v. Dupas (La.App. 4 Cir. 1965), 178 So.2d 291, writ den., 248 La. 442, 179 So.2d 430. (See also Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521 (1954) interpreting C.P. Art. 606, the source article of CCP 2002 as enumerating the exclusive causes for an action of nullity for vices of form.) We have been cited to no statutory law declaring a judgment null when rendered in the manner of the one in the instant case.
Parenthetically, it .should be pointed out defendant has not been prejudiced by the failure of the court to allow the elapse of the delay allowed defendant to answer as provided by Article 5093. She made no appearance during the fifteen-day period. There is nothing in the record to indicate she made any inquiry or took any action relating to the case until July 20, 1970, approximately two and one-half months following the acceptance of service of citation by the curator ad hoc. If she had made an appearance in the case within the delays afforded her, she would have been legally entitled to a new trial in the district court. In the event such an appearance had been made and the lower court had refused to grant her a new trial, she could have appealed, and the error of the lower court would have been corrected by the appellate court.
Additionally, it may be added, the wife has not lost her right to seek child support merely because the judgment of divorce is silent on this matter. In other words, nullifying the divorce decree is not a prerequisite for seeking alimony for the maintenance of the minor child.
For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.