561 So.2d 728 (1990)
ACCREDITED SURETY AND CASUALTY COMPANY, INC., Plaintiff-Appellant,
v.
Wayne F. McELVEEN, Sheriff, et al., Defendants-Appellees.
No. 88-1139.
Court of Appeal of Louisiana, Third Circuit.
March 14, 1990.
Rehearing Granted in Part, Denied in Part and Opinion Corrected April 23, 1990.
Clement Story, III, Lafayette, for plaintiff-appellant.
Gernine M. Mailhes, Book & Beverung, Steve Beverung, Lake Charles, Oliver W. Williams, Baton Rouge, for defendants-appellees.
Before DOMENGEAUX, C.J., and GUIDRY and YELVERTON, JJ.
YELVERTON, Judge.
This is an appeal by Accredited Surety and Casualty Co., Inc. (Accredited), seeking to annul nineteen judgments of bond forfeitures. The case went to trial against the State of Louisiana, the only defendant remaining after all other defendants, including the Sheriff of Calcasieu Parish, were dismissed. The trial judge ruled in favor of the State. We reverse and nullify the bond forfeitures.
Between March 12, 1984, and September 25, 1985, bonds were forfeited in nineteen cases in the Fourteenth Judicial District Court against the appellant, Accredited. Notices to the surety of the bond forfeitures *729 in every case were mailed promptly to Accredited.
On February 3, 1986, Stephen Gennuso, president of Professional Bonding Service, Incorporated, a national general agent and surety of Accredited, was called to the office of Wayne McElveen, Sheriff of Calcasieu Parish. At the meeting, Gennuso was told he owed the State of Louisiana a total of $22,357.43 representing the nineteen bond forfeitures plus costs. Gennuso testified at the trial that this was the first time he knew about the bond forfeitures. Upon examination of the records, Gennuso noticed that the defendants were not served and told the Sheriff he would take it up with his attorney. The forfeitures were paid under protest and this suit was filed on April 24, 1986.
Accredited's position on appeal is that the defendants did not receive proper notice of trial in violation of La.C.Cr.P. art. 735, and that the trial judges involved did not consider "proper evidence" before ordering the forfeitures pursuant to La.R.S. 15:85(A)(1). The trial judge in this action for nullity found that although the procedures used were not preferred procedures, they did not constitute a practice which justified setting aside the judgments. In addition, the trial judge found that Accredited acquiesced in the judgments by paying them.
The supreme court in Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980), explained that there need not necessarily be a showing of intentional fraud or wrongdoing for plaintiff in an action of nullity to prevail; the basis of a nullity action can be formed by innocent acts which deprive a party cast in judgment of some legal right.
In order to obtain a judgment of bond forfeiture against a surety, the State must comply strictly with the terms of the statute regulating bond forfeitures. State v. DeLaRose, 391 So.2d 842 (La.1980); State v. Hathaway, 403 So.2d 737 (La. 1981). In the particular case before us we find that the State did not comply strictly with the terms of the then applicable statute, quoted below, and that this lack of compliance resulted in the deprivation of Accredited's legal rights.
At the time of these judgments of forfeiture, La.C.Cr.P. art. 735(A) provided as follows:
Art. 735. Types of service
A. Unless otherwise directed by the state or defendant, subpoenas shall be served by domiciliary or personal service. Personal service is made when the sheriff tenders the subpoena to the witness. Domiciliary service is made when the sheriff leaves the subpoena at the dwelling house or usual abode of the witness with a person of suitable age and discretion residing therein as a member of the domiciliary establishment of the witness.
La.C.Cr.P. art. 735 was amended in the 1988 legislative session by Act No. 294. The pertinent amendment provides for service by either certified or first class U.S. Mail. If certified mail is used, a return receipt must be requested, and if first class mail is used, the mailing shall include a request that the enclosed return form be signed by the addressee and mailed to the Sheriff. Neither of these methods of service were available under the statute when the forfeitures in the case before us were ordered.
In the instant case, Nancy Clausen, a deputy sheriff, testified that notice to defendants at the time of these cases was sent by U.S. Mail at the address provided for on the bond. There was no personal or domiciliary service on the defendants. In addition, Ms. Clausen testified she had no record that the defendants in these cases ever received the notices. Her office keeps the records of service for six months then disposes of them.
Thus, there is no evidence that the State complied with the bond forfeiture procedures then required by law.
Hence, there is no evidence that the trial judges in the forfeiture proceedings had before them "proper evidence" when the bonds were ordered forfeited. La.R.S. 15:85(A)(1) provides that a judgment decreeing the forfeiture of the bond must be *730 based on "... proper evidence, including notice to the defendant...."
In State v. Mills, 390 So.2d 874 (La.1980), the supreme court found it could not determine whether the judge considered "proper evidence" when it did not have a transcript of the proceedings in court when the State moved for a bond forfeiture. The court had before it the return on the subpoena, although it was unable to tell if there was attempted service. The supreme court remanded the case for an evidentiary hearing to determine if the requirements of La.R.S. 15:85(A)(1) were met.
The First Circuit in Allied Fidelity Ins. Co. v. Boudreaux, 476 So.2d 469 (La.App. 1st Cir.1985), applying Mills, similarly held that because it had no transcripts of the bond forfeiture proceedings and because the minute entries for the proceedings did not reflect what "proper evidence" was received by the trial court to comply with the requirements of La.R.S. 15:85(A)(1), the case was remanded for a full evidentiary hearing.
In the instant case, there are no transcripts from the forfeiture proceedings and the minutes do not reflect what evidence was received by the trial court. Ms. Clausen testified that any records of service, should there have been any, were destroyed. Donna Duplechain, a deputy clerk of court, testified that the Clerk of Court's Office had no returns signed by the Sheriff of notice to the defendants. She also testified her office now has begun to keep the returns signed by the Sheriff in their records. Because there are no records of service upon the defendants, and no way to show that proper evidence was received by the court, a remand for an evidentiary hearing would be futile.
For these reasons, we are required to reverse the trial judge, and hold that the judgments are null for failure to comply with the bond forfeiture laws.
The State pleaded prescription, which was overruled by the trial court. The State asserts that the suit was untimely under the one year from discovery prescription rule of La.C.C.P. art. 2004. There is no merit in this argument. The only evidence on the subject of when Accredited became aware of the judgments was the testimony of its president, Gennuso, who said he learned of the judgments on February 3, 1986. Suit was filed in April, two months later.
Finally, the State argues that Accredited voluntarily acquiesced in the judgment and lost its right to bring an action to annul the judgment. The State relies on Gennuso v. State, 339 So.2d 335 (La.1976). We find no merit in this contention. Gennuso testified that he was told to pay, or he could not write any more bonds. In addition, Accredited's check stubs were marked "payment in protest" which the Sheriff received and kept. The instant case differs from Gennuso in that in Gennuso the evidence adduced at trial clearly supported the conclusion that payment was made, not because of jeopardy to plaintiff's bail bond business, but because property had been posted as security, which plaintiff considered sufficient indemnification in the case of forfeiture. We find no evidence of this in the instant case.
For the foregoing reasons, the judgment of the trial court is reversed. The bond forfeiture judgments are declared null.
At the trial level the State filed a third party demand against the Sheriff and Ex-Officio Tax Collector for the Parish of Calcasieu, alleging that, although the State was the statutory judgment creditor, it never received the forfeited funds, and that the proper party to be cast, should judgment be rendered in favor of the plaintiff, is the Ex-Officio Tax Collector. We agree with this observation. If the record was in a posture to permit us to render remedy judgments we would do so, in order to terminate this lawsuit. However, we cannot render a judgment in the third party demand because no answer has been filed by the Sheriff, nor has a preliminary default been entered. Accordingly, we will remand for the trial court to grant the remedy judgments after proper proceedings. All costs at trial and on appeal, to the extent that costs are legally assessable *731 against it, will be assessed against the State.
REVERSED AND REMANDED.