577 So.2d 285 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
Phil Harvey LIKENS, Defendant-Appellee,
American Bankers Insurance Company, Defendant-Appellant.
STATE of Louisiana, Plaintiff-Appellee,
v.
Jerry D. CARNEY, Defendant-Appellee,
American Bankers Insurance Company, Defendant-Appellant.
STATE of Louisiana, Plaintiff-Appellee,
v.
Weldon T. DAVIS, Defendant-Appellee,
American Bankers Insurance Company, Defendant-Appellant.
STATE of Louisiana, Plaintiff-Appellee,
v.
Tim JONES, Defendant-Appellee,
American Bankers Insurance Company, Defendant-Appellant.
Nos. 89-1040 to 89-1043.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
Writ Denied May 17, 1991.
*286 William M. Hudson and Patrick McIntyre, Lafayette, for plaintiff/appellee, the State.
Robert M. Romero, Welsh, for defendant/appellee, Phil Harvey Likens.
Graymond F. Martin, New Orleans, for defendant/appellant, American Bankers Ins. Co.
Emile A. Carmouch, Crowley, for defendant/appellee, Weldon T. Davis.
Before STOKER, YELVERTON and KING, JJ.
KING, Judge.
The issue presented by each of these consolidated appeals is whether the trial court erred in ordering the forfeiture of appearance bonds for each defendant.
Each of these cases arise out of a bond forfeiture proceeding in Jefferson Davis Parish, Louisiana. In each case, American Bankers Insurance Company (hereinafter American Bankers) posted a bail bond, as surety, for each defendant. When each of the four defendants failed to appear in court for a required court appearance in their case, the trial court ordered each of the bail bonds forfeited and a written Judgment of Bond Forfeiture was rendered against each defendant and their surety, American Bankers. In each of the four cases, American Bankers filed a Motion To Set Aside Judgment Of Bond Forfeiture and Petition For Nullity of Judgment (hereinafter Motions and Petitions). A hearing was held in each of the four cases on the Motions and Petitions, which were consolidated in the trial court for the purpose of the introduction of evidence. After a hearing, the trial court rendered judgment denying the Motions and Petitions. A formal written judgment was signed in each case on June 30, 1989. American Bankers timely suspensively appeals the judgment in each of the four cases and the four cases remain consolidated for appeal. We reverse and render judgment in each of these consolidated appeals declaring the judgments of bond forfeiture null and void.

FACTS
These four consolidated cases arise out of bond forfeiture proceedings. The pertinent facts of each case will be briefly set forth.

CASE NUMBER 89-1040 STATE V. PHIL HARVEY LIKENS
Phil Harvey Likens (hereinafter Likens) was arrested for simple burglary, a felony. On April 7, 1988, American Bankers posted a $10,000.00 appearance bond for Likens. The printed form used for Likens' bond contract had been prepared for use in Allen Parish, Louisiana. However, at the top of the contract, "Parish of Allen" had been crossed out and Jefferson Davis Parish was inserted, and the judicial district number was changed from the Thirty-Third Judicial District to the Thirty-First Judicial District. Although corrections were made at the top of the contract, the words "Oberlin, Parish of Allen, State of Louisiana" remained in the text of the contract and at the end of the contract. More importantly, the terms of the appearance bond contract provided that defendant would appear and answer to the charge in Open Court in the Parish of Allen, State of Louisiana. American Bankers was the surety in the appearance bond contract and a power of attorney of American Bankers, for its bondsman to execute the bond, was attached to the bond contract. The appearance bond contract required Likens to appear in court upon notice until his final trial on the charge. No date of appearance was set in the appearance bond.
A bill of information was filed against Likens on May 2, 1988, and he was arraigned and pled not guilty. Defendant's court appointed counsel appeared at the arraignment, waived the defendant's presence, entered *287 a plea of not guilty, and notified the court of defendant's election to be tried by a jury. Likens was scheduled to appear in Open Court in Jefferson Davis Parish, Louisiana on November 14, 1988 for jury trial. Likens failed to appear in court for trial and, accordingly, a bond forfeiture hearing was held immediately by the Court. The State introduced the testimony of Jefferson Davis Parish Deputy Sheriff Helen Schuster who testified that notice of Likens' scheduled trial was sent by mail to Likens, American Bankers, and the surety's bondsman on October 10, 1988. The State did not introduce into evidence any returns on subpoenas or copies of written notices or letters to the defendant, American Bankers, or the surety's bondsman notifying them of the court appearance date, or a copy of the appearance bond contract. The court rendered a Judgment of Forfeiture on Likens' appearance bond on November 14, 1988. Notice of the Forfeiture Judgment was promptly sent to Likens, American Bankers, and the surety's bondsman on November 17, 1988.
On January 27, 1989, American Bankers filed a Motion To Set Aside Judgment Of Bond Forfeiture and Petition For Nullity Of Judgment. A hearing on American Bankers' Motions and Petitions was held on June 30, 1989. At the hearing, American Bankers contended that the State had not presented sufficient evidence to sustain the forfeiture of Likens' bond, and that the bond forfeiture proceedings had not complied with the applicable Louisiana codal and statutory requirements. The trial judge denied American Bankers' Motions and Petitions, and signed a written judgment to that effect on June 30, 1989. It is from this decision that American Bankers timely suspensively appeals.

CASE NUMBER 89-1041 STATE V. JERRY D. CARNEY
Jerry D. Carney (hereinafter Carney) was arrested for driving while intoxicated and speeding, a misdemeanor. On May 4, 1988, American Bankers posted a $1,000.00 appearance bond for Carney. American Bankers was the surety in the appearance bond contract and a power of attorney of American Bankers, for its bondsman to execute the bond, was attached to the bond contract. The appearance bond contract required Carney to appear in court upon notice until discharged by the court. No date of appearance was set in the appearance bond. Carney was scheduled to appear in Open Court in Jefferson Davis Parish, Louisiana on July 18, 1988, for arraignment. Carney failed to appear in court for arraignment and, accordingly, a bond forfeiture hearing was held immediately by the Court. At the hearing, the State introduced the testimony of Jefferson Davis Parish Deputy Sheriff Helen Schuster who testified that notices of Carney's scheduled arraignment were sent by mail to Carney, American Bankers, and the surety's bondsman on July 7, 1988. The State did not introduce into evidence any returns on subpoenas or copies of written notices to defendant, American Bankers, or the surety's bondsman notifying them of the court appearance date, or a copy of the appearance bond contract. The court rendered a Judgment Of Forfeiture on Carney's appearance bond on July 18, 1988. Notice of the Forfeiture Judgment was promptly sent to Carney, American Bankers, and the surety's bondsman on July 20, 1988.
On January 27, 1989, American Bankers filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment. A hearing on American Bankers' Motion and Petition was held on June 30, 1989. At the hearing, American Bankers contended that the State had not presented sufficient evidence to sustain the forfeiture judgment of Carney's bond, and that the bond forfeiture proceedings had not complied with applicable Louisiana codal and statutory requirements. The trial judge denied American Bankers' Motion and Petition and signed a written judgment to that effect on June 30, 1989. It is from this decision that American Bankers timely suspensively appeals.

CASE NUMBER 89-1042 STATE V. WELDON T. DAVIS
Weldon T. Davis (hereinafter Davis) was arrested for possession of marijuana with *288 intent to distribute, a felony. On August 20, 1987, American Bankers posted a $25,000.00 appearance bond for Davis. American Bankers was the surety in the appearance bond contract and a power of attorney of American Bankers, for its bondsman to execute the bond, was attached to the bond contract. The appearance bond contract required Davis to appear in court upon notice until discharged by law. No date of appearance was set in the appearance bond. On March 15, 1988, Davis appeared in court and pled guilty as to the charge against him. A sentencing hearing was set for June 20, 1988, and later rescheduled for July 11, 1988. Davis appeared for sentencing on July 11, 1988, at which time the court set aside the guilty plea, which had been entered pursuant to a plea and sentencing bargain with the State, because Davis could not comply with the terms of the plea agreement. The court then fixed the matter for a jury trial on November 14, 1988, and, in Open Court, instructed that the Sheriff of Jefferson Davis Parish, Louisiana notify the bondsman.
Davis failed to appear in court on November 14, 1988 for trial and, accordingly, a bond forfeiture hearing was held immediately by the Court. At the hearing, the State introduced the testimony of Jefferson Davis Parish Deputy Sheriff Helen Schuster who testified that notice of Davis' scheduled trial was sent by mail to Davis, American Bankers, and the surety's bondsman on July 13, 1988. The State did not introduce into evidence any returns on subpoenas or copies of written notices or letters sent to American Bankers, or the surety's bondsman, notifying them of the court appearance date, or a copy of the appearance bond contract. The court rendered a Judgment Of Forfeiture on Davis' appearance bond on November 14, 1988. Notice of the Forfeiture Judgment was promptly sent to Davis, American Bankers, and the surety's bondsman on November 17, 1988.
On January 20, 1989, American Bankers filed a Motion to Set Aside Judgment of Bond Forfeitures and Petition for Nullity of Judgment. A hearing on American Bankers' Motions and Petitions was held on June 30, 1989. At the hearing American Bankers contended that the State had not presented sufficient evidence to sustain the forfeiture of Davis' bond, and that the bond forfeiture proceedings had not complied with the applicable Louisiana codal and statutory requirements. The trial judge denied American Bankers' Motions and Petitions and signed a written judgment to that effect on June 30, 1989. It is from this decision that American Bankers timely suspensively appeals.

CASE NUMBER 89-1043 STATE V. TIM JONES
Tim Jones (hereinafter Jones) was arrested for possession of cocaine, a felony. On October 12, 1988, American Bankers posted a $100,000.00 appearance bond for Jones. American Bankers was the surety in the appearance bond contract and a power of attorney of American Bankers, for its bondsman to execute the bond was attached to the bond contract. The appearance bond contract required Jones to appear in court upon notice until discharged by law. No date of appearance was set in the appearance bond. Jones was scheduled to appear in Open Court in Jefferson Davis Parish, Louisiana on November 21, 1988, for arraignment. Jones failed to appear in court for arraignment and, accordingly, a bond forfeiture hearing was immediately held by the Court. At the hearing, the State introduced the testimony of Jefferson Davis Parish Deputy Sheriff Helen Schuster who testified that notices of Jones' arraignment were sent by mail to Jones, American Bankers, and the surety's bondsman on November 10, 1988. The State did not introduce into evidence any returns on subpoenas or copies of written notices or letters sent to defendant, American Bankers, or the surety's bondsman, notifying them of the court appearance date, or a copy of the appearance bond contract. The court rendered a Judgment Of Forfeiture on Jones' appearance bond on November 21, 1988. Notice of the Forfeiture Judgment was promptly sent to Jones, American Bankers, and the surety's bondsman on November 29, 1988.
*289 On January 27, 1989, American Bankers filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment. A hearing on American Bankers' Motion and Petition was held on June 30, 1989. At the hearing, American Bankers contended that the State had not presented sufficient evidence to sustain the forfeiture of Jones' bond, and that the bond forfeiture proceedings had not complied with applicable Louisiana codal and statutory requirements. The trial judge denied American Bankers' Motion and Petition and signed a written judgment to that effect on June 30, 1989. It is from this decision that American Bankers timely suspensively appeals.
American Bankers cites five assignments of error on appeal, which are that:
(1) The trial court erred in denying American Bankers' Motions and Petitions when the methods by which the defendants and sureties in each case were allegedly notified of the defendants' court appearance dates were improper, invalid, and insufficient, as a matter of law, upon which to render a judgment for forfeiture of the bail bonds;
(2) The trial court erred in denying American Bankers' Motions and Petitions when the bail bonds were not forfeited upon proper evidence presented at the bail forfeiture hearings as required by La.R.S. 15:85;
(3) The trial court erred in failing to allow American Bankers to introduce evidence at the hearing of the Motions and Petitions pertaining to the issue of proper notice to the defendants and American Bankers or its agent or bondsman when the trial court allowed the State to introduce evidence on the same issue;
(4) The trial court erred in denying American Bankers' Motion and Petition as to Davis when he had appeared, entered a guilty plea, and was sentenced, thus releasing American Bankers of its liability on the bail bond; and
(5) The trial court erred in denying American Bankers' Motion and Petition as to Likens when Likens' appearance bond contract only guaranteed Likens' appearance in Allen Parish and Likens failed to appear in Jefferson Davis Parish.

LAW
We will discuss Assignments of Error Numbers 1 and 2 together as they are both interrelated.
The action for nullity is provided for in Louisiana Code of Civil Procedure by Articles 2001, et seq. It is available with respect to bond forfeiture judgments. See, State v. Posey, 550 So.2d 1368 (La.App. 5 Cir.1989), writ granted and reversed, 556 So.2d 836 (La.1990), reh. den., 558 So.2d 578 (La.1990); State v. Wheeler, 508 So.2d 1384 (La.1987); Accredited Surety and Casualty Co., Inc. v. McElveen, 561 So.2d 728 (La.App. 3 Cir.1990); State v. Overton, 504 So.2d 1098 (La.App. 5 Cir.1987). Although the rules of criminal procedure apply with respect to jurisdiction, a bond forfeiture is basically a civil proceeding. It is subject, however, to the special rules set forth in the Code of Criminal Procedure. State v. Wheeler, supra. An action for nullity of judgment is available only when a judgment is subject to the vices of form or substance listed in the Code of Civil Procedure. Milner v. Milner, 244 So.2d 716 (La.App. 2 Cir.1971), writ ref., 258 La. 351, 246 So.2d 198 (La.1971). Failure to properly serve a defendant, his surety, or the surety's agent or bondsman in a criminal proceeding with process, as required by law, is a vice of form upon which a judgment can be nullified. La.C.C.P. Art. 2002(2).
Louisiana Revised Statutes 15:85 A(1),[1] the law applicable to commercial sureties on bond forfeiture at the time each of these bonds were forfeited, provided that:
"A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of *290 Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety or an agent or bondsman of the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of the court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent or bondsman of the surety who posted the bond. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond." (Emphasis supplied.)
Louisiana Code of Criminal Procedure, Article 337, the applicable law in effect when the judgments of bond forfeiture were entered in each of these consolidated cases, provided that:
"When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety or an agent or bondsman of the surety at least three days prior to the day set for the appearance." (Emphasis supplied.)
Louisiana Code of Criminal Procedure, Article 735,[2] the applicable law in effect when the judgments of bond forfeiture were entered in each of these consolidated cases, provided that:
"Article 735. Types of Service.
A. Unless otherwise directed by the state or defendant, subpoenas shall be served by domiciliary service, personal service, or United States mail as provided in Paragraph B. Personal Service is made when the sheriff tenders the subpoena to the witness. Domiciliary service is made when the sheriff leaves the subpoena at the dwelling house or usual abode of the witness with a person of suitable age and discretion residing therein as a member of the domiciliary establishment of the witness.
B. (1) The criminal sheriff for the parish of Orleans and all other sheriffs throughout the state may serve all subpoenas directed to him to be served by mailing the said subpoenas in the United States Post Office, by either certified mail, return receipt requested, or first class mail to the addressee at the address listed on the subpoena.
(2) Service by first class mail shall include a request that the enclosed return form be signed by the addressee and mailed to the sheriff. If a signed return is not received by the sheriff within ten days after mailing, the subpoena shall be served by domiciliary or personal service as provided in Paragraph A.

(3) Service by mail shall be considered personal service if the certified return receipt or the return form is signed by the addressee. Service by mail shall be considered domiciliary service if the certified return receipt or the return form is signed by anyone other than the addressee." (Emphasis supplied.)
*291 The pertinent inquiry in each of these consolidated appeals is whether the trial judge, before ordering the bond forfeitures, heard "proper evidence including notice to the defendant and the surety or an agent or bondsman of the surety." Plaintiff argues that the lack of proof of service of notice to either the defendant, to it as the surety, or to its agent or bondsman at the time of each of the bond forfeiture hearings make the judgments of bond forfeiture in these consolidated cases void ab initio. Notice and opportunity to be heard are essential elements of procedural due process. Mitchell v. W.T. Grant Company, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); State v. Mills, 390 So.2d 874 (La.1980). Both the federal and Louisiana constitutions guarantee that one may not be deprived of property without due process of law. The Louisiana Supreme Court has held that, before a bond forfeiture can be ordered, proper service of notice of the appearance date must be made upon either the surety or the surety's agent or bondsman. See, State v. Posey, supra; State v. Mills, supra.
American Bankers' position on appeal is that the State did not prove that notices of arraignment or trial were received by the defendants, or by it, as the surety, or by its agents or bondsmen, as provided by La. C.C. Art. 735, and that the trial judge did not have, because of lack of such proof, "proper evidence" before ordering the bond forfeitures pursuant to La.R.S. 15:85(A)(1). The Louisiana Supreme Court has explained that there need not necessarily be a showing of intentional fraud or wrongdoing for plaintiff in an action of nullity to prevail; the basis of a nullity action can be formed by innocent acts which deprive a party cast in judgment of some legal right. Accredited Surety & Casualty Co., Inc. v. McElveen, supra, and cases cited therein.
In order to obtain a judgment of bond forfeiture against a surety, the State must strictly comply with the terms of the statute regulating bond forfeitures. State v. Hathaway, 403 So.2d 737 (La.1981); State v. DeLaRose, 391 So.2d 842 (La. 1980); Accredited Surety & Casualty Co., Inc. v. McElveen, supra.
Louisiana Code of Criminal Procedure, Article 337, in effect at the time of the bond forfeitures in these consolidated cases, provided that notices shall be delivered to the surety or an agent or bondsman of the surety. The requirement of delivery obviously necessitates proof of delivery before a bond can be forfeited. Louisiana Code of Criminal Procedure, Article 735, in effect at the time of the bond forfeitures in these consolidated cases, provided for service by either certified or first class U.S. mail. If certified mail was used, a return receipt had to be requested, and if first class mail was used, the mailing was required to include an acknowledgement of receipt form with a request that the form be signed by the addressee and mailed to the Sheriff. At the time of the bond forfeitures in these consolidated cases, the statute also required that if first class mail was used and the enclosed form was not signed and returned by the addressee to the Sheriff, to acknowledge receipt within ten days after mailing by first class mail of the letter, that the Sheriff was required to serve any required notice by domiciliary or personal service. See La.C.Cr.P. Art. 735 B(2).
The record in each of these consolidated cases shows that, at the time of the hearing in Open Court on the bond forfeitures, Helen Schuster, a Deputy Sheriff of Jefferson Davis Parish, Louisiana, only testified that notice to the defendants, American Bankers, or the surety's agent or bondsman in each of these cases was sent by mail to them at the addresses provided on the respective bonds. She did not testify as to whether the letters were sent by certified mail, return receipt requested, and, if so, whether the receipts were ever returned by the defendants, American Bankers, or its agent or bondsman. She also did not testify that if the letters were sent by first class mail that they included a request that the enclosed return form be signed by the addressees, the defendants, American Bankers, or its agent or bondsman, and mailed back to the Sheriff and *292 that such form was in fact returned and received by the Sheriff. She also did not testify nor did the State introduce, in the event that such return receipts or forms were not received by the Sheriff, proof that service of a notice had been made upon or had been attempted to be made by either personal or domiciliary service, within ten days after mailing of the notices, on the defendants, American Bankers, or its agent or bondsman. For these reasons, at the time of the bond forfeiture hearings in each of these consolidated cases, there was no "proper evidence" whatsoever of delivery or service of notices of the court appearance dates on the defendants, American Bankers, or its agent or bondsman in connection with each of these cases. We also note that, at the time of the hearing on the Motions and Petitions, that Deputy Schuster also did not testify that she had a record of any kind that the defendants, American Bankers, or its agent or bondsman in these cases had ever received the notices of the court appearance dates and that the State submitted no such evidence or evidence of personal or domiciliary service on these parties. To the contrary, the record at the hearing of the Motions and Petitions only included copies of the letters that were mailed, apparently by first class mail, which had no reference to an enclosed return form to be signed and returned to the Sheriff. Deputy Schuster did not testify about receiving return receipts or forms evidencing delivery of the letters to the defendants, American Bankers, or its agent or bondsman. The State presented no evidence of service of notices of the required court appearance dates on either the defendants, American Bankers, or its agent or bondsman in any of the consolidated cases. Thus, there was no evidence whatsoever before the court, at the time of the entry of the judgment of bond forfeiture in each of these consolidated cases, or even upon the hearing of the Motions and Petitions, that the State had strictly complied with the bond forfeiture procedures then required by law when the bonds were forfeited.
For this reason we find that there was no "proper evidence" before the trial judge in each of these forfeiture proceedings on which to order the bonds forfeited and we will pretermit any discussion on plaintiff-appellant's Assignments of Error Numbers 3, 4, and 5. We find that the trial judge was clearly wrong and manifestly in error in rendering a judgment ordering the appearance bonds forfeited in each of these consolidated cases and hold that each of the forfeiture judgments are null and void for failure to comply with the applicable bond forfeiture laws then in effect at the time each of the forfeiture judgments were rendered.
For the foregoing reasons, the judgment of the trial court denying American Bankers' Petitions For Nullity and ordering a bond forfeiture in each of these consolidated matters is reversed, vacated, and set aside. The judgments of bond forfeiture in each of these consolidated cases are declared null and void ab initio. All costs of the trial and appellate court are assessed against the plaintiff-appellee.
REVERSED AND RENDERED.
NOTES
[1] This statute was amemded by Act No. 191 of the Regular Session of 1989, which became effective September 3, 1989, and these amendments are therefore not applicable to these bond forfeitures which occurred before the effective date of this act.
[2] This article was amended by Act No. 338 of the Regular Session of 1989, effective September 3, 1989, and this amendment is therefore not applicable to these bond forfeitures which occurred before the effective date of this act.