KING, Judge.
The issue presented by this appeal is whether the trial court erred in ordering the forfeiture of defendant’s appearance bond.
This case arises out of a bond forfeiture proceeding in Jefferson Davis Parish, Louisiana. Indiana Lumbermens Mutual Insurance Company (hereinafter Lumbermens) posted an appearance bond, as surety, for defendant, Patricio Lopez Zavala (hereinafter defendant). When defendant failed to appear in court for sentencing, the trial court ordered the appearance bond forfeited and a written Judgment of Bond Forfeiture was rendered against defendant and his surety, Lumbermens, who then filed a Motion To Set Aside Judgment of Bond Forfeiture and Petition For Nullity of Judgment. A hearing was held on the motion and petition and evidence was taken. After the hearing, the trial court rendered judgment denying the motion and petition. A formal written judgment was signed. Lumbermens timely suspensively appeals the judgment. We reverse.
FACTS
The defendant, Patricio Lopez Zavala, was arrested on Interstate Highway 10 on February 10, 1989 in Jefferson Davis Parish, Louisiana, for possession of marijuana, no inspection tag, and expired license plate. On February 27, 1989, a $35,000.00 appearance bond was posted by defendant. Lum-bermens was the surety on the appearance bond and a power of attorney of Lumber-mens, for its bondsman to execute the bond, was attached to the appearance bond. The printed form of the appearance bond had been prepared by the Jefferson Davis Parish Sheriff’s office for use in Jefferson Davis Parish. The terms of the appearance bond provided that defendant would appear in court in Jefferson Davis Parish, Louisiana for all sessions of court involving defendant’s case. The appearance bond further required defendant to appear in court until discharged in the course of law. The first date of appearance set in the appearance bond was for arraignment on March 27, 1989.
A Grand Jury indictment was filed against defendant on March 7, 1989, charging him with possession of marijuana. Defendant was personally present in court and arraigned on May 1, 1989 at which time he pled not guilty. The court at that time fixed the matter in Open Court for jury trial on September 11, 1989. Defendant filed Motions to Suppress Evidence which were fixed for hearing on June 19, 1989. On June 19, 1989, the motions were refixed for hearing on August 14, 1989. On August 14, 1989, defendant personally appeared in court with his counsel for the hearing on the Motions to Suppress Evidence. The State requested and was granted a continuance and the hearing on the motions was refixed for September 11, 1989. On September 11 and 12, 1989, defendant personally appeared in court with his counsel for the hearing on the Motions to Suppress Evidence and, after taking evidence, the trial court overruled the motions. On September 12, 1989, the State moved to amend the indictment to reflect the charge of possession of marijuana with the intent to distribute and to amend to show the correct name of defendant as *746 Patricio Lopez Zavala. The trial court granted these motions. Defendant, who was personally present with his counsel, withdrew his previous pleas of not guilty and pled guilty. This plea was based on a plea and sentence agreement by and between the defendant, his attorney, and the State, and approved by the trial court. Defendant was informed of his legal rights and waived these rights. The trial court deferred sentencing and ordered defendant to return to court on November 15, 1989 for sentencing. Defendant failed to appear on that date for sentencing. The State then moved for a bench warrant and bond forfeiture. The trial court granted the motions and ordered a bench warrant issued for defendant’s arrest and rendered a judgment of bond forfeiture for defendant’s non-appearance for sentencing on November 15,1989. No hearing was held in Open Court on the bond forfeiture. A written judgment forfeiting the bond was signed on November 15, 1989. Notice of the judgment was sent to defendant, Lumbermens, and the surety’s bondsman on November 17, 1989.
On February 15, 1990, Lumbermens filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment. A hearing on Lumbermens’ motion and petition was held on March 19, 1990. At the hearing, Lumbermens contended that at the time of the bond forfeiture on November 15, 1989, the State had not presented any evidence in Open Court to sustain the judgment of forfeiture of defendant’s bond and that the bond forfeiture proceeding had not complied with the applicable requirements of Louisiana law. The trial judge denied Lumbermens’ motion and petition and signed a written judgment to that effect on March 26, 1990. Lumber-mens timely suspensively appeals citing three assignments of error, which are as follows:
(1)The trial court erred in denying its Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment when no notice of the rescheduled court date was provided to the surety or the agent in accordance with La.R.S. 15:85 and La.C.Cr.P. Art. 337;
(2) The trial court erred in denying its Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment when the bail bond at issue was not forfeited after a hearing of proper evidence, as required by La.R.S. 15:85, and, thus, was forfeited on the basis of ill practices under La.C.C.P. Art. 2004; and
(3) The trial court erred in denying its Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment when the defendant, Patricio Lopez Zavala, had already appeared, entered a guilty plea, and sentence was deferred to another date.
LAW
We will pretermit discussion of Assignments of Error Numbers 1 and 2 as we find that Assignment of Error Number 3 has merit and, for this reason, the judgment of bond forfeiture should be set aside.
Defendant brings a motion to set aside the bond forfeiture and a petition for nullity of the bond forfeiture. As we stated in State v. Likens, 577 So.2d 285 (La.App. 3 Cir.1991), writ den., 580 So.2d 386 (La.1991):
“The action for nullity is provided for in Louisiana Code of Civil Procedure by Articles 2001, et seq. It is available with respect to bond forfeiture judgments. See, State v. Posey, 550 So.2d 1368 (La.App. 5 Cir.1989), writ granted and reversed, 556 So.2d 836 (La.1990), reh. den., 558 So.2d 578 (La.1990); State v. Wheeler, 508 So.2d 1384 (La.1987); Accredited Surety & Casualty Company, Inc. v. McElveen, 561 So.2d 728 (La.App. 3 Cir.1990); State v. Overton, 504 So.2d 1098 (La.App. 5 Cir.1987). Although the rules of criminal procedure apply with respect to jurisdiction, a bond forfeiture is basically a civil proceeding. It is subject, however, to the special rules set forth in the Code of Criminal Procedure. State v. Wheeler, supra. An action for nullity of judgment is available only when a judgment is subject to the vices of form or substance listed in the Code of Civil Procedure. Milner v. Milner, 244 So.2d 716 (La.App. 2 Cir.1971), writ ref., 258 La. 351, 246 So.2d 198 (La.1971).” State *747 v. Likens, 577 So.2d 285, at page 289 (La.App. 3 Cir.1991), writ den., 580 So.2d 386 (La.1991).
On September 12, 1989, defendant appeared in court and pled guilty, pursuant to a plea bargain agreement, and sentencing was deferred and defendant ordered to return for sentencing on November 15, 1989. Defendant and his attorney were personally present in court at the time sentencing was fixed for September 12, 1989 and were both orally advised in Open Court by the trial judge of the date and time that defendant was to return for sentencing. When a defendant appears as ordered and the proceeding is continued to a specific date, the surety or an agent or bondsman of the surety need not be given notice of the new appearance date. La.C.Cr.P. Art. 337.
The bond contract of Lumbermens provided that “... the aforesaid accused party shall well and truly appear and attend ... at each successive sitting of Court in Jefferson Davis Parish, Louisiana, and shall there remain until discharged in course of law, and not depart thence, without leave of the Court first obtained, then this obligation is to be null and void; ...” In State v. Johnson, 342 So.2d 863 (La.1977), the Louisiana Supreme Court had before it for decision the issue of whether an appearance bond could be forfeited, where the defendant pled guilty and sentencing was deferred to another date at which time the defendant failed to appear and the bond was ordered forfeited. The court ruled that the language of the appearance bond limited the obligation and “is not so broadly worded” as to include anything beyond the trial and conviction of the defendant, and that therefore, the surety was not responsible for defendant’s post-conviction release while awaiting sentence. The court stated that:
“The language of the appearance bond itself is that the obligation was to insure that the defendant appeared to answer the charge. There is no indication that the surety agreed to assume any responsibility with respect to post-conviction release. We conclude, therefore, that the surety’s obligation was fulfilled when the defendant appeared and pled guilty.” (Emphasis added.) State v. Johnson, 342 So.2d 863 at page 866 (La.1977).
The language contained in the bond in Johnson stated that the defendant “shall well and truthfully appear ... there to answer said charge, and there continue from day to day, and from term to term, and not depart thence without leave of court, then this bond to be null and void, but otherwise it shall remain in full force and complete effect.”
Article 314 of Louisiana Code of Criminal Procedure allows for the posting of bail after conviction and provides that “A convicted person shall be remanded to jail to await sentence unless he is released on bail in accordance with this article.” When a defendant may be sentenced for a term of imprisonment exceeding five years, the court is under the obligation to evaluate whether or not the defendant should be admitted to bail after a plea of guilty and prior to sentence. La.C.Cr.P. Art. 314. The record reflects in this case that the plea bargain and agreement entered into by the State and defendant, as stated on the record by the Special Assistant District Attorney, and which the Court had approved, was that the defendant would be sentenced to serve a term of ten years with the Department of Corrections, and pay a $15,000.00 fine plus court costs or in default, to serve one year in the parish jail. Since the Court had agreed to sentence defendant to serve a term of imprisonment which exceeded five years it had the discretion to release defendant on post-conviction bail except where the Court had reason to believe, based on competent evidence, that the release of the convicted defendant would pose a danger to any other person or the community. See La.C.Cr.P. Art. 314. The record does not reflect that the trial court held any kind of hearing to determine if defendant should have been released, post-conviction and pending sentence, or to fix the amount of any post-conviction release bond, or to determine if Lumbermens would remain as surety during defendant’s post-conviction release pending sentence. Since there was no hearing to determine the amount of post-conviction release bond, or to determine if Lumbermens would re *748 main on its appearance bond obligation, after defendant’s guilty plea and conviction, and pending sentence, and since there is no indication that the surety agreed to assume any responsibility with respect to defendant’s post-conviction release, we hold that the appearance bond obligation of Lumbermens was discharged and extinguished upon the acceptance of the guilty plea and conviction of defendant. We hold that the language of the bond obligation of Lumbermens, just as that in Johnson, does not obligate it as surety for the post-conviction release of the defendant.[1] Lumber-mens’ obligation was fulfilled when defendant appeared and pled guilty. For these reasons we find that Assignment of Error Number 3 has merit.
For the foregoing reasons, the judgment of the trial court denying Lumbermens’ petition for nullity and ordering a bond forfeiture in this matter is reversed, vacated, and set aside. The judgment of bond forfeiture in this case is declared null and void ab initio. All costs of the trial and appellate courts are assessed against plaintiff-appellee, the State of Louisiana.
REVERSED AND RENDERED.

. We note that Comment (c) to La.C.Cr.P. Art. 330 sets forth a suggested form for a bail bond and specifically provides that the obligation of the bond undertaking will be that "... (defendant) will appear at all stages of the proceedings in the court to answer that charge or any related charge, and will at all times hold himself amenable to the orders and process of the court, and, if convicted, will appear for pronouncement of the verdict and sentence, (Emphasis supplied.)