[WOODARD, J.,
dissenting.
Respectfully, I dissent from the majority’s deviation from the clear meaning of La.Code Crim.P. art. 322(A). In order to enforce a judgment of bond forfeiture, the state must stndly comply with the laws governing bail bond forfeiture. State v. Hathaway, 403 So.2d 737 (La.1981); State v. DeLaRose, 391 So.2d 842 (La.1980). Article 322 determines that B oliva’s address is the one given on November 7, 1993. Notice to her, pursuant to Article 344, must have been directed to this address. The state failed to mail the notice of the November 28, 1994 court appearance to Boliva at the address she designated on the bond. Thus, it failed to strictly comply with the notice requirements of Article 344. Pursuant to the provisions of Article 344(B)(4), this failure to give proper notice relieves Ranger from liability on the judgment of bond forfeiture for Boliva’s nonappearance on November 28,1994.
Furthermore, La.R.S. 15:85(1) states:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
b(l) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 3H of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(Emphasis added.)
This statute requires that the state introduce proper evidence at the bond forfeiture hearing in order to forfeit a bail bond. Proper evidence required the Article 344 notice to Boliva at her address on the bond that she had provided. By introducing the notice sent to the defendant at the address given by the indemnitor instead of that given by the defendant, the state failed to strictly comply with La.R.S. 15:85(1). This failure is a vice of form upon which the judgment of bond forfeiture should have been nullified by the trial court. See State v. Likens, 577 So.2d 285 (La.App. 3 Cir.), writ denied, 580 So.2d 386 (La.1991); La.Code Civ.P. art. 2002.