PITMAN, J.
11 Lexington National Insurance Corporation (“Lexington”) appeals the district court’s order in favor of the State of Louisiana. For the following reasons, we reverse the order of the district court and declare the bond forfeiture judgment to be a nullity.
FACTS
On March 4, 2013, Torris Richardson filed a motion to reduce bond. He stated that he was arrested on or about January 28, 2013, and was tentatively charged with distribution of Schedule II controlled dangerous substance (“CDS”), with bond set at $25,000; distribution of Schedule II CDS, with bond set at $15,000; possession with intent to distribute Schedule I CDS, with bond set at $25,000; and possession of a firearm by a convicted felon, with bond set at $25,000.
A bond reduction hearing was held on March 18, 2013. Based on the agreement between the State and Richardson, the district court reduced the bond amount to *75 $45,000 in total.[1]
On March 18, 2013, Lexington, as surety, through its agent Sheryl Humphries (the “Agent”), posted appearance bonds for each of the four charges,[2] and Richardson was released from custody. The appearance bonds stated that Richardson agreed to appear in court on April 1, 2013. These appearance bonds were posted through Lexington’s power of attorney.
|2Richardson was present in court on April 1, 2013, and the district court ordered him to return on April 29, 2013, for arraignment.
On April 25,2013, the State filed a bill of information in Docket Number 87280 (Docket Number 51,367 on appeal) charging Richardson with two counts of distribution of Schedule II CDS. The State filed a bill of information in Docket Number 87281 (Docket Number 51,368 on appeal) charging Richardson with distribution of Schedule I CDS. On April 26, 2013, the State filed a bill of information in Docket Number 87282 (Docket Number 51,369 on appeal) charging Richardson with possession of a firearm by a convicted felon.
On April 29, 2013, Richardson was present in court and entered a plea of not guilty. The district court scheduled a status conference for June 10, 2013, and a trial date for July 22, 2013. Richardson appeared in court on June 10, 2013, and the status conference was reset for August 12, 2013, and the trial date was reset for October 21, 2013. Richardson appeared in court on August 12, 2013, and the matter was reset for September 23, 2013. Richardson appeared in court on September 23, 2013, and the status conference was reset for November 18, 2013, and the trial for January 13, 2014. Richardson appeared in court on November 18, 2013, and refused to be fingerprinted. The district court scheduled a hearing on the fingerprinting issue for November 22, 2013, and stated that the status conference was reset for January 13, 2014. Richardson appeared in court on November 22, 2013, and the district court stated that the next court date was January 13, 2014. Richardson appeared in court on January 10, 2014, to be fingerprinted. The district court stated that the status conference was reset for March 31, 2014, and the trial for April 28, 2014. Richardson was present in court on JjMarch 31, 2014, and the district court stated that the trial date was maintained for April 28, 2014. Richardson was present in court on April 28, 2014, and the district court reset the matter for further proceedings on June 9, 2014.
On June 9, 2014, Richardson failed to appear in court. Accordingly, the district court issued a bench warrant and a bond forfeiture, but held it in abeyance until a July 21 hearing. Richardson was present at the July 21, 2014 hearing, and the district court recalled the bench warrant and set aside the bond forfeiture. It then scheduled the trial for October 27, 2014.
On October 27, 2014, Richardson failed to appear in court. The district court issued a bench warrant and a bond forfeiture. The assistant district attorney noted that Richardson was incarcerated in Arkansas.
*76 On November 25, 2015, a 72-hour hearing was held regarding contempt of court, and Richardson did appear.
On December 14, 2015, Richardson appeared in court for a status hearing, wherein the district court reset the status conference for February 1, 2016 and trial for March 7, 2016,
On December 15,. 2015, AA Class Bail Bonds wrote to “all parties concern [sic]” that it agreed “to stay on the bond” of Richardson.
A status hearing was held on December 18, 2015, and Richardson was present. The district court noted that it did not believe the contempt of court charges for failure to appear in court would be pursued because Richardson was incarcerated in Arkansas at the time. It noted that Richardson had made all court appearances except for the October 27, 2014 court date. It stated that it was lifting the detainer and noted that “the bond as verified by [the] bondsman is to remain in full force and effect.” It further noted that the |4entire bond satisfied any charge pending at the correctional center. It scheduled the status conference for February 1, 2016, and trial for March 7, 2016.
On February 1, 2016, Richardson appeared in court, and the district court stated that the trial date was maintained for March 7,2016.
On March 7, 2016, Richardson failed to appear in court, and the district court issued a bench warrant and bond forfeiture.'
•'A bond forfeiture hearing was held on March 18, 2016. The State introduced as evidence the bills of information, the appearance bonds, the powers of attorney and certified minutes of the district court. The district court filed a judgment in favor of the State and against Richardson, 'Lexington and its Agent in the full sum of $45,000, together with legal interest from the date of judgment and for all costs of the proceedings.
On May 9,- 2016, Lexington filed a petition for declaration of nullity of judgment of bond forfeiture. It argued that the March 18, 2016 bond forfeiture judgment should be annulled pursuant to La. C.O.P, arts. 2002 and 2004 due. to the State’s failure to comply with La. C. Cr. P. arts. 344(C), 349.2(A) and 349.3(C). It stated that it did not receive notice of multiple court dates, including the March 7, 2016 court date. It also noted that, at the bond forfeiture hearing, the prosecuting attorney did not introduce into evidence proof of notice to Lexington or its Agent of the March 7, 2016 court appearance date, or for another court appearance date subsequent to October 27, 2014, It argued that, due to the State’s failure to complete the bond forfeiture process and to mail notice to it or its Agent of the signing of the bond forfeiture within 60 days, it was released of all obligations under the bonds it posted on March 18, 2013. It contended that, because it had Lbeen released of all obligations, any evidence of bail contracts presented at the bond forfeiture hearing did not support the issuance-of a judgment of bond forfeiture that cast it in judgment in the amount of $45,000.
On July 26, 2016, the State filed an answer to the petition for declaration of nullity of judgment of bond forfeiture and requested that Lexington’s demand be rejected. It noted that La. C. Or. P. art. 344(C) does not require any notice to the agent or bondsman when the defendant appears as ordered, so it was not required to give notice to Lexington when Richardson was present in court. It contended that no judgment of bond forfeiture was rendered by the district court on October 27, 2014, nor was such a judgment required, because La. C. Cr. P. art. 349.2(A) makes it discretionary for the district attorney to *77 make a motion for a bond forfeiture judgment. It also argued that, because there was no bond forfeiture judgment, La. C. Cr. P. art. 349.3(C) had no application and did not release the surety of its obligations under the bond.
A hearing on Lexington’s petition was held on August 5,2016.
On September 9, 2016, the district court filed an opinion and order denying Lexington’s petition. It detailed the history of court appearances and the notice received by Richardson at each stage of the proceedings and stated that, at the March 18, 2016 bond forfeiture hearing, the State presented appropriate proof to establish that a bond forfeiture judgment was warranted.
Lexington appeals the September 9, 2016 order of the district court.
^DISCUSSION
In its sole assignment of error, Lexington argues that the district court erred in finding that the State had complied with the provisions of La. C. Cr. P. arts. 344(C) and 349.2(A), and in denying Lexington the relief it had requested in its petition for declaration of nullity of judgment of bond forfeiture. It contends that, pursuant to La. C. Cr. P. art. 344(C), the State was required to give notice to it or its Agent for the March 7, 2016 court appearance date, or for some earlier court appearance date subsequent to Richardson’s failure to appear in court on October 27, 2014. It argues that the State’s failure to issue that notice subjects the March 18, 2016 judgment of bond forfeiture to being set aside as a nullity pursuant to La. C.C.P. art. 2002(A)(2). It further argues that, pursuant to La. C. Cr. P. art 349.2(A), the State was required to introduce into evidence at the March 18,2016 bond forfeiture hearing proof of notice to it or its Agent for the March 7, 2016 court appearance date, or for some earlier court appearance, date subsequent to Richardson’s failure to appear in court on October 27, 2014. It contends that, because no notice was issued, no such notice was offered into evidence at the hearing. It further contends that the State’s failure to place into evidence the notice required by La. C. Cr. P. art. 344(C) subjects the March 18, 2016 judgment of bond forfeiture to being set aside as a nullity pursuant to La. C.C.P. art. 2004(A). It requests that this court reverse the order of the district court and set aside as a nullity the judgment of bond forfeiture rendered on March 18,2016.
The State argues that the district court correctly granted the judgment of bond forfeiture and denied the relief requested by Lexington to nullify the judgment. It contends that it presented appropriate proof at the March 18, j72016 hearing for the district court to determine that a bond forfeiture judgment was warranted. It adopts the reasoning of the district- court in its September 9, 2016 opinion and order. It also contends that it gave proof of notice, followed the procedures set forth in La. R.S. 15:85 and strictly complied with the terms of the statutory provisions regulating bond forfeiture, as required in State v. DeLaRose, 391 So.2d 842 (La. 1980).
The general rule is that bond forfeitures are not favored. Bankers Ins. Co. v. State, 37,080 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, writ denied, 03-1240 (La. 6/27/03), 847 So.2d 1268, citing State v. Bailey, 567 So.2d 721 (La. App. 2 Cir. 1990). A bond forfeiture is basically a civil proceeding; however, it is subject to the special rules set forth in the Code of Criminal Procedure. Bankers Ins. Co. v. State, supra, citing State v. Likens, 577 So.2d 285 (La. App. 3 Cir. 1991), writ denied, 580 So.2d 386 (La. 1991). In order to obtain a judgment of bond forfeiture *78 against a surety the state must comply strictly with the terms of the statutes regulating bond forfeitures. State v. DeLa-Rose, supra; Bankers Ins. Co. v. State, supra. La. C. Cr. P. art. 344(C) stated[3] in pertinent part:
If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the ... agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date.
La. C. Cr. P. art. 349.2(A) provided[4] that:
Upon motion of the prosecuting attorney, and upon proof of the bail contract, the power of attorney if any, notice to the defendant and surety as required by Article 344, and the |sdefendant’s failure to appear as required, a bond shall be forfeited and a judgment of bond forfeiture shall be signed.
The nullity of a final judgment may be demanded for vices of either form or substance, as provided in La. C.C.P. arts. 2002 through 2006. La. C.C.P. art. 2001. An action for nullity is available with respect to bond forfeiture judgments. Bankers Ins. Co. v. State, supra, citing State v. Likens, supra. A final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken. La. C.C.P. art. 2002(A)(2). A final judgment obtained by fraud or ill practices may be annulled. La. C.C.P. art. 2004(A).
Pursuant to La. C. Cr. P. art. 344(C), when Richardson failed to appear in court on October 27, 2014, the State was required to give notice to Lexington or its Agent of Richardson’s new appearance date. There is no evidence in the record that Lexington or its Agent was given that requisite notice. Such evidence was required by La. C. Cr. P. art. 349.2(A) to establish that a bond forfeiture is warranted. Therefore, the record in this ease does not support the district court’s conclusion that proper evidence was presented by the State to support a judgment of bond forfeiture.
While Richardson is the defendant in the criminal proceeding, Lexington and its Agent occupy the position of defendants in these civil proceedings with regard to the bond forfeiture judgment. See State v. Berry, 29,359 (La.App. 2 Cir. 4/2/97), 691 So.2d 375. Lexington or its Agent was entitled to receive notice of Richardson’s new appearance date, but the State did not give them such notice. Therefore, the March 18, 2016 bond forfeiture judgment shall be annulled pursuant to La. C.C.P. art. 2002(A)(2).
| .Accordingly, this assignment of error has merit.
CONCLUSION
For the foregoing reasons, we reverse the order of the district court in favor of the State of the Louisiana and against Lexington National Insurance Corporation. We declare the March 18, 2016 bond forfeiture judgment to be a nullity. Costs of this appeal in the amount of $6,408.58 are assessed to the State of Louisiana.
REVERSED AND RENDERED,

. Although the transcript states that this $45,000 sum was for $15,000 per count, this is not what is reflected in the appearance bonds. Also, $15,000 per count would total $60,000. The minutes state that the total bond is $45,000.

. The bond amount for one count of distribution of Schedule II CDS was $15,000; the bond amount for the other count of distribution of Schedule II CDS was $10,000; the bond amount for distribution of Schedule I CDS was $10,000; and the bond amount for possession of a firearm by a convicted felon was $10,000.

. La. C. Cr. P. art. 344 was repealed by Acts 2016, No. 613, effective January 1, 2017. Notice requirements to the surety or its agent if the defendant fails to appear in court are now codified in La. C. Cr. P. art. 330(C).

. La. C. Cr. P. art. 349.2 was repealed by Acts 2016, No. 613, effective January 1, 2017. The proof necessary at a bond forfeiture hearing is now codified in La. C. Cr. P. art. 336.