GOTHARD, Judge.
Ranger Insurance Company (“Ranger”), surety for defendant Gary Sargent, has filed this suspensive appeal from a judgment denying the surety’s motion to annul and set aside a judgment of bond forfeiture.
The defendant failed to appear for the hearing of a motion to suppress, which had been reset for April 19, 1991. The trial judge immediately issued an attachment for Sargent’s arrest and signed judgments of forfeiture for each of five bonds Ranger had furnished for him. Notice of judgment was mailed on May 1, 1991. The court denied Ranger’s motion to set aside the judgment and petition for nullity of judgment on July 22, 1991 and he signed a judgment to that effect on August 22, 1991.
Ranger’s contention on appeal is that the procedure for notice and hearing set out in La.C.Cr.P. art. 337 and R.S. 15:85 was not followed. No hearing had been held and no evidence had been placed before the court at the time the judgments of bond forfeiture were entered; consequently, the judgments were null and void. In order to obtain a valid judgment of bond forfeiture, the State must comply strictly with the terms of the statute regulating bond forfeitures. State v. Hathaway, 403 So.2d 737 (La.1981); State v. Dickerson, 534 So.2d 976 (La.App. 5th Cir.1988).
In its appellate brief, the State concedes that the record does not show compliance with the requirement and requests:
“... that this case be remanded to the trial court so that the forfeiture procedure may be transcribed in its entirety as required by R.S. 15:85 and Code of Criminal Procedure Article 337. The cases relied on in the surety’s brief to this Court indicate that a remand for a full
*723 evidentiary hearing is the proper remedy in cases like the present....”
Accordingly, there being no opposition by the State, the judgment appealed from is set aside as an absolute nullity, and the matter is remanded to the trial court with instruction to the judge to hold an eviden-tiary hearing in compliance with LSA-R.S. 15:85.
JUDGMENT SET ASIDE, CASE REMANDED WITH INSTRUCTION.