PER CURIAM
This case involves a bondsman who provided bond in two unrelated incidents for two defendants, Charlie Glenn Adkins and Jessie L. Evans. After obtaining bond for *165 feiture judgments against the bondsman in both cases, on February 6, 1991, the district attorney secured a writ of fieri facias pursuant to which certain sums were seized from his savings account in the Jonesboro State Bank. The bondsman filed a petition to nullify the bond forfeiture judgments on the basis that the state failed to give him proper notices of appearance dates and of the forfeiture judgments. He argued that both the notices to appear and the notices of the forfeiture judgments must be sent by certified mail. The trial court found that all notices were properly sent under the statute, and the court of appeal affirmed. 607 So.2d 875 (La.App.2d Cir.1992).
La.Rev.Stat. 15:85(B) sets forth the procedure to be followed in order to obtain a bond forfeiture judgment where a personal surety is involved. La.Rev.Stat. 15:85(A) sets forth the procedure for forfeiture of a bond executed by a surety company. Under (B), two different notices are required for a forfeiture to be properly taken.
First, the surety must receive notice to appear. “[Njotice to the defendant and the surety” of the time fixed for appearance must be made if required by La. C.Cr.P. art. 337. La.C.Cr.P. art. 337 provides that when a bail bond does not fix the appearance date in a felony case, the state shall “deliver” “written notice of the time, date, and place the principal is required to appear,” either by personal or domiciliary service or by mail. If the bail bond does fix the appearance date, no additional notice of the appearance date is required.[1]
Second, the surety must receive notice of the forfeiture judgment. Notice of the forfeiture judgment must be “mailed” to the surety by the clerk of court, who executes an affidavit of the mailing.
In this case, the court of appeal found that none of the notices had to be mailed by certified mail for the sole reason that the subsection of the statute which requires notice by certified mail is located within the portion of. the statute dealing with commercial sureties.[2] The bondsman in this case is a personal surety. The court stated:
Indeed, the only place where a certified mailing requirement is found is in R.S. 15:85 (A)(1)(b) which describes “notice to the defendant.” This language is found in the statutory scheme which pertains to surety companies or their agents.... R.S. 15:85(B) outlines the exclusive forfeiture and collection procedure applicable where the bond has been executed by a personal surety. No language of that provision supports Thrasher’s contention that the state was mandated to notify him of the bond forfeiture judgments by certified mail.
The court of appeal and both parties erred in even discussing the effect of 15:85(A)(l)(b) on this case. Subparagraph (A)(1)(b) was not added to the statute until Acts 1990, No. 520 became effective on July 18, 1990. The bond forfeitures in this case occurred for Evans on November 8, 1988 and for Adkins on April 4, 1990. Con *166 sequently, the law in effect at the time of the bond forfeitures is what applies.
We remand to the court of appeal to reconsider the appeal in light of the law as it existed at the time of the bond forfeitures.[3]
HALL, J. would grant the writ and docket the case for argument.
LEMMON, J. dissents, believing the court of appeal did not rely on 15:85A(l)(b).
ORTIQUE, J. not on panel.

. In this case, because the Evans bond provided that defendant would appear on November 8, 1988, no additional notice to appear was required to be given to the bondsman. Thus, it was proper for the judge to enter a judgment decreeing the forfeiture of the bond when defendant failed to appear.
Conversely, the Adkins bond provided that the defendant would appear on June 2, 1987. The record does not indicate whether defendant was present that date. Further, the forfeiture was only issued after defendant failed to appear in court as scheduled on April 3, 1990. Because the state has not proven or even argued that defendant or the bondsman was present on June 2, 1987, any continuance made that day cannot preclude the bondsman’s right to subsequent notice to appear as would normally occur under La.C.Cr.P. art. 337. Thus, the bondsman was entitled to notice of the April 3, 1990 appearance date. The issue herein is whether that notice and the subsequent notices of forfeiture in both the Evans and Adkins cases had to be by certified mail.

. La.Rev.Stat. 15:85(A)(l)(b) presently provides:
"Notice to the defendant," for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant’s surety.

. See, e.g., State v. Likens, 577 So.2d 285 (La.App. 3d Cir.), 580 So.2d 386 (1991); and State v. Dickerson, 534 So.2d 976 (La.App. 5th Cir.1988), State v. Robinson, 504 So.2d 1160 (La.App. 5th Cir.1987). None of these cases contain a definitive answer to the issue, and we cite them without expressing any opinion on their effect on this issue. However, they can be beneficial to the court of appeal in its research on whether La.Rev.Stat. 15:85 as it existed at the time of the forfeitures required that notice to appear and notice of the forfeiture be sent by certified mail.