616 So.2d 272 (1993)
STATE of Louisiana, Appellee,
v.
Freddie COOK.
No. 24595-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
*273 Smith, Martin, Hurstell & Schneider by Graymond F. Martin, New Orleans, for Ranger Ins. Companyappellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul Carmouche, Dist. Atty., John Ford McWilliams, Jr., Asst. Dist. Atty., Shreveport, for appellee.
Before MARVIN, NORRIS and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an action to annul a judgment of bond forfeiture.
Ranger Insurance Company, surety for the defendant, Freddie Cook, appeals the trial court's judgment denying the surety's motion to have the judgment of bond forfeiture declared a nullity.
The pertinent facts are as follows:
On May 16, 1990, the State of Louisiana filed a bill of information charging defendant, Freddie L. Cook, with possession of cocaine with the intent to distribute. On the same date, the defendant pled guilty and bond was posted for defendant's appearance for sentencing. The bond contract did not list an appearance date, and the court did not set a date for sentencing at the May 16, 1990 hearing. On the bond contract, Ranger Insurance Company was named as the surety, and Aztec Bail Bonds was named as the surety's agent.
On July 18, 1990, defendant failed to appear for sentencing. The trial court immediately held a bond forfeiture hearing. At the hearing, Caddo Parish Deputy Sheriff Jean Tibbett, the officer manager for Fine and Bonds in the Caddo Parish Sheriff's Office, testified that notice of the July 18, 1990 sentencing date was sent to the defendant, the surety and the surety's agent.[1] The deputy also identified a computer printout maintained by the Sheriff's office which reflected that the notices were mailed on July 11, 1990. (R. p. 148). This computer printout and the original bond were introduced into evidence at the hearing. The trial court rendered judgment ordering the bond forfeited. Notice of the judgment of bond forfeiture was sent to the surety on August 9, 1990.
On February 8, 1991, Appellant filed a pleading captioned, "Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment." An evidentiary hearing was held on this motion and petition on July 15, 1991.
After the hearing, the trial court ruled that proper evidence was presented at the *274 hearing to sustain the judgment of bond forfeiture. The trial court denied the appellant's motion and petition.
On appeal, the sole issue presented for our review is whether the oral testimony of the sheriff's deputy and the computer printout sheet admitted into evidence at the bond forfeiture hearing were proper evidence of notice to sustain a judgment of bond forfeiture.
The state argues that the surety's action to annul the bond forfeiture judgment should be dismissed because it was not brought within 60 days of mailing of the notice of the forfeiture as required by the statute. The state further argues the evidence presented at the hearing was proper evidence.

DISCUSSION
The State must strictly comply with the provisions of the statute regulating bond forfeitures before a judgment of forfeiture can be entered. State v. Hathaway, 403 So.2d 737 (La.1981); State v. Bailey, 567 So.2d 721 (La.App. 2d Cir.1990).
The Louisiana Code of Civil Procedure Articles 2001, et seq. provide the exclusive grounds for civil nullity actions. A judgment can be annulled only when there is a vice of form or substance. LSA-C.C.P. Art. 2001. A bond forfeiture is basically a civil proceeding subject, however, to special rules in the Code of Criminal Procedure. State v. Wheeler, 508 So.2d 1384 (La.1987). Failure to properly serve a defendant with process as required by law is a vice of form upon which a judgment can be nullified. LSA-C.C.P. Art. 2002(2). State v. Bailey, 567 So.2d 721 (La.App. 2d Cir.1990).
Louisiana Revised Statute 15:85A(1),[2] the law applicable to bond forfeitures at the time the instant bond was forfeited, provided that:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the State of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety or an agent or bondsman of the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent or bondsman of the surety who posted the bond. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond. (emphasis added)
Louisiana Code of Criminal Procedure, Article 337, directs when notice is required under the forfeiture law. This statute reads as follows:
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be *275 mailed to the surety or an agent or bondsman of the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety or an agent or bondsman of the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety or agent or bondsman of the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant's non-appearance on that particular date. (emphasis added)
The sixty-day period and the waiver provisions in LSA-R.S. 15:85 only apply to the assertion of a defense to the forfeiture and not to the surety's action, as is instituted in this case, to annul a forfeiture judgment for vices of form under LSA-C.C.P. Article 2001, et seq. Therefore, the failure of the appellant to file its motion and petition within the sixty-day period set forth in LSA-R.S. 15:85 does not operate as a bar to its action seeking the nullity of the judgment of forfeiture. State v. Bailey, supra.
This Court's finding that the appellant's action is timely does not dispose of the issue presented for resolution. As stated above, appellant's sole argument on appeal is that the judgment of bond forfeiture is null because of the state's failure to introduce "proper evidence," including notice to the defendant,[3] the agent for the surety and the surety.
The record reflects that at the bond forfeiture hearing, the original bond was filed into evidence. (R. pp. 36-37). Ms. Tibbett, the deputy sheriff and office manager for the sheriff's bond section, customarily sends out notices of court dates utilizing the Sheriff's Office computer.[4] This witness testified at the bond forfeiture hearing that notice and letters were sent by first class mail to the defendant, the agent for the surety and the surety on July 11, 1990. She further explained that at the time the computer generates the notice letters, it creates a record which is retained on magnetic media and a computer printout sheet indicating that the specific notice letters have been sent. (R. p. 46). This computer printout sheet was filed into evidence at the bond forfeiture hearing. (R. p. 41). The computer printout indicates the name and address of the defendant, the surety and the agent of the surety. It also reflects the criminal charge and court docket number, the date the notice was sent, the court appearance date, the time of day fixed for the appearance and descriptive information concerning the bond. (R. p. 41).
This Court finds that the evidence presented at the bond forfeiture hearing was proper evidence as required by LSA-R.S. 15:85.
Appellant argues that copies of the actual pre-forfeiture notices should have been admitted into evidence at the bond forfeiture hearing and the state should not have relied on parole evidence to prove notice. Appellant does not allege that the notices were not received.[5]
The computer printout sheet, created simultaneously with the pre-forfeiture notice letters, was probative evidence that notice of the July 18, 1990 sentencing date was sent to the defendant, the surety and the surety's agent. The deputy sheriff's testimony was introduced to explain the computerized *276 notice procedures for the Caddo Parish Sheriff's Office and to authenticate the computer printout sheet.
The computer printout was adequate proof that pre-forfeiture notice letters were sent. This document, coupled with the testimony of the deputy and the introduction of the original bond contract, satisfied the requirement under LSA-R.S. 15:85 that the trial court hear proper evidence prior to entering a judgment of bond forfeiture. The bonds were properly forfeited by the trial court.
Based on the foregoing, we find the trial court properly denied the appellant's motion and petition to have the judgment of bond forfeiture declared null.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.
NOTES
[1] Robert Catts, the agent for the surety, testified at the nullity hearing that he received his notice of the sentencing date from the Caddo Parish Sheriff's Office.
[2] The legislature amended 15:85 in 1990 by Acts 92 and 520, which became effective on September 7, 1990, as they did not provide for an earlier effective date. See LSA-Const. Art. 3, § 19.
[3] The defendant was shot and killed by law enforcement officers on May 22, 1991, in Shreveport, Louisiana. At the time of the shooting, he was said to be resisting arrest on the warrant issued because of his failure to appear on July 19, 1990 and for an unrelated second degree murder charge.
[4] Counsel for the defendant Cook was present at the bond forfeiture hearing. He cross-examined Ms. Tibbett as to the pre-forfeiture procedures. (R. p. 46).
[5] Appellant appears to argue that Article 735 of the Louisiana Code of Civil Procedure is controlling and requires service of the pre-forfeiture notice. This argument is also meritless. The procedure, and requirements for pre-forfeiture notice are outlined in LSA-R.S. 15:85 and Article 337 of the Code of Criminal Procedure. These statutes are controlling with respect to appearance bond forfeiture procedure.