STEWART, Judge.
Bondsman, John Thrasher, furnished appearance bonds for criminal defendants, Charles Glen Adkins and Jessie Evans, in unrelated criminal matters. After bond forfeiture judgments were entered against Thrasher in both matters, the district attorney seized sums from Thrasher’s savings account in Jonesboro State Bank. Thrasher filed a petition to nullify the bond forfeiture judgments, alleging both inadequate notice to appear and inadequate notice of the forfeiture judgments.
The trial court found that proper notice was given, and this court affirmed the trial court’s decision. State v. Adkins, 607 So.2d 875 (La.App. 2d Cir.1992). However, the Louisiana Supreme Court granted Thrasher’s writ of certiorari and remanded the case with instructions for this court to reconsider the appeal. State v. Adkins, 613 So.2d 164 (La.1993).
For the reasons set forth below, and after careful reconsideration of the appeal as instructed by the Supreme Court, we again hold that both of the bond forfeitures and the resulting seizure of Thrashers’ funds were proper.
A full factual background is set forth in this court’s prior opinion. For purposes of this opinion on remand, the facts pertinent to each defendant are set forth below.
FACTS
Thrasher acted as a personal surety on both bonds at issue and did not act on behalf of a surety company.
The Evans’ appearance bond fixed the appearance date for November 8,1988. On that date, Evans failed to appear, and the district attorney filed a motion for bond forfeiture. After a hearing, the court rendered a judgment of forfeiture.
The terms of the Adkins’ appearance bond contract provided that Adkins would appear and answer to the charges in open court in Jackson Parish on June 2,1987 and at each subsequent setting of the court. Although the record does not reflect what occurred on June 2,1987, a new appearance date of April 3, 1990, eventually was set.
On April 3, 1990, Adkins failed to appear. The district attorney immediately filed a motion for bond forfeiture and a hearing was held the same day. During the bond forfeiture hearing, a secretary in the district attorney’s office testified that, on March 23, 1990, she mailed a letter to Adkins with a copy to Thrasher notifying them of Adkins’ April 3, 1990 court appearance date. A copy of the letter was introduced into evidence along with the.appearance bond signed by Adkins and Thrasher. The court rendered a judgment of forfeiture.
At the hearing to set aside these judgments of bond forfeiture, Thrasher asserted that the state failed to give him proper notices of appearance dates and of the for *658 feiture judgments. He argued that the notices must be sent by certified mail. Thrasher also admitted receiving the letter from the district attorney’s office setting the April 3, 1990, date for arraignment of Adkins. The clerk of criminal records testified that the notice of judgment of bond forfeiture on the Evans’ bond was sent to Thrasher by regular mail. An affidavit to this effect appears on the back of the judgment of bond forfeiture. A deputy clerk testified that she mailed a copy of the judgment on the Adkins bond forfeiture to Thrasher on April 4, 1990, by regular mail. An affidavit to this effect also appears on the back of the judgment of bond forfeiture. The trial court found that all notices were properly sent.

DISCUSSION

Notice to the surety of the principal’s appearance date, pursuant to LSA-C.Cr.P. Art. 337, is required when the bond does not fix the appearance date. Notice is also required when the bond fixes the appearance date but, on that date the principal does not appear and the proceeding is continued to a specific date. LSA-C.Cr.P. Art. 337; See also, State v. Adkins, supra, 613 So.2d 164, n. 1. If notice to the surety is required by art. 337, then evidence of notice to the defendant and the personal surety must be presented in order to obtain a judgment of bond forfeiture. LSA-R.S. 15:85 B(l).
As noted in the Supreme Court’s Per Curiam, there was no requirement for notice to Thrasher of Evans’ appearance date because the Evans bond fixed November 8, 1988, as the date of appearance. The trial court properly entered a judgment decreeing the forfeiture of the bond when Evans failed to appear on that date.
The record does not reflect whether either Adkins or Thrasher was present on the June 2, 1987 appearance date provided in the Adkins bond. Therefore, notice to Thrasher of the April 3, 1990 appearance date was required under LSA-C.Cr.P. Art. 337 and LSA-R.S. 15:85 B(l). See State v. Adkins, supra, 613 So.2d 164, n. 1.
At the nullity hearing, there was evidence that notice of both judgments of bond forfeiture had been mailed by the clerk’s office, and that notice of Adkin’s April 3, 1990 appearance date had been mailed timely to both Adkins and Thrasher. At issue, therefore, is whether the notices to Thrasher of Adkins’ appearance date, and of the subsequent judgments of bond forfeiture in both the Evans and Adkins cases, had to be sent by certified mail.

1. Was there proper notice of the Evans’ Bond Forfeiture?

In the Evans case, the sole issue concerns proper notice of the forfeiture judgment, pursuant to LSA-R.S. 15:85 B(l).
In Myles v. Turner, 612 So.2d 32 (La.1993), the Supreme Court held that the LSA-C.C.P. Art. 5002(A) delay for appealing a city court judgment “commences to run upon receipt of notice of judgment rather than upon the mere mailing of said notice.” Myles, supra at 35. There, the court reasoned that the article’s language, which allowed for appeal within 10 days of “the service of notice”, was in stark contrast to the language of LSA-C.C.P. Arts. 2087(A), 2123(A), 1974, and 1914 which expressly relate the commencement of their respective delays to the date that required notice is mailed.
These procedural articles show that, with respect to notice of judgment in district court, the common procedure is to require the clerk of court to mail notice of judgment, and to begin delay periods based on the date the notice is mailed rather than requiring actual receipt. However, the Louisiana Supreme Court found that the use of' the different phraseology, “service of notice”, in LSA-C.C.P. Art. 5002(A) indicated the legislature’s intent that commencement of this delay be based upon receipt, rather than mailing, of the notice.
LSA-R.S. 15:85 B requires the clerk to mail notice of the judgment of forfeiture to the surety and sets a six-month period, after mailing of notice, during which the judgment of forfeiture may be set aside upon the occurrence of certain conditions. *659 Like LSA-C.C.P. Arts. 2087(A), 2128(A), 1974, and 1914, the express language of LSA-R.S. 15:85 B requires no special form of mailing, and regular mail is sufficient to notify a personal surety of a judgment of bond forfeiture. If the legislature had desired to require more than the mailing of notice via regular mail, it easily could have so provided. See, e.g., LSA-R.S. 14:71 A(2); see also, e.g., current LSA-R.S. 15:85 A(l)(b).
In addition, we note that the language of LSA-C.Cr.P. Art. 337 requires that written notice of the time for appearance “shall be given” and is in sharp contrast to the language of 15:85 B(l) which merely requires that the clerk of court mail notice of the forfeiture judgment to the surety. By analogy to Myles, the use of different language suggests the legislature desired that, when required, evidence of the article 337 notice of appearance be evidence of a completed process, whereas evidence of mailing the notice of the judgment of forfeiture is sufficient when required for the purposes of 15:85 B(l).
For the foregoing reasons, we hold that 15:85 B(l) requires no special type of mailing, such as certified mail or registered mail. Because it was proper for the judge to enter a judgment decreeing the forfeiture of the Evans bond, and because the state proved that notice of the forfeiture judgment was mailed to Thrasher as required by law, we affirm the trial court judgment finding that the Evans bond forfeiture, as well as the resulting seizure, was properly entered.

2. Was the Adkins Bond Forfeiture Proper?

Turning now to the question of notice in the Adkins case, for the same reasons discussed above, we hold that the state’s proof that notice of the Adkins’ forfeiture judgment was mailed to Thrasher via regular mail was sufficient to satisfy the notice requirements of 15:85(B). However, unlike the Evans case, Thrasher was entitled to proper notice of Adkins’ April 3, 1990 appearance date, pursuant to LSA-C.Cr.P. Art. 337 and LSA-R.S. 15:85 B(l).
The state must strictly comply with provisions of the statute regulating bond forfeitures before a judgment of forfeiture can be entered. State v. Hathaway, 403 So.2d 737 (La.1981); State v. Cook, 616 So.2d 272 (La.App. 2d Cir.1993). If there is no strict compliance because the state failed to present proper evidence of notice to the defendant and the surety of the appearance date, and the judgment of forfeiture is annulled on that basis, then the fact that proper notice of the null judgment was sent would be of no moment.
As previously noted, at the bond forfeiture hearing in the Adkins case, a secretary in the district attorney’s office testified that she notified both Adkins and Thrasher of the appearance date by mailing a letter to Adkins and a copy to Thrasher. A copy of that letter was introduced into evidence along with the appearance bond signed by Adkins and Thrasher. The record does not indicate that the letter was sent in any manner other than by regular mail. The evidence in the record is sufficient to show that letters were mailed to Adkins and Thrasher notifying them of the court appearance date.
At issue is whether this mailing was sufficient under 15:85(B) to constitute proper “notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, ...” We shall first discuss the notice to defendant Adkins.
Article 337 does not require notice to the defendant, as is required by LSA-R.S. 15:85 B(l). We find no indication that the legislature ever intended to require proof of receipt of notice of the appearance date by defendant before a forfeiture judgment could be entered. Otherwise, when a defendant “skipped bail” to places unknown, the state would be unable to collect on the bond, and the very purpose underlying the bond would be thwarted. For these reasons, we find that the trial court received proper evidence of the notice to defendant Adkins as required by LSA-R.S. 15:85 B(l).
With regard to the surety’s notice, as previously discussed, the requirement in Article 337 that the surety “be given” writ *660 ten notice suggests that receipt of notice is required. If this is the case, then “proper evidence” of notice necessarily includes proof by a preponderance of the evidence that notice was actually given to the surety-
We find persuasive an analogous civil situation in which the mailing of notice to the insured connotes a completed process, that is, the transmission of the notice through the mail. Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La.1973); Aultman v. Rinicker, 416 So.2d 641 (La.App. 2d Cir.1982). Proof of mailing to the named insured at the address on the policy is sufficient to establish a rebuttable presumption of delivery which can be overcome by affirmative proof of non-delivery. Snow v. Mid-American Indemnity Company, 557 So.2d 1073 (La.App. 2d Cir.1990).
Similarly, in the instant case we hold that the state’s evidence of notice of Adkins’ April 3, 1990 court appearance date, mailed to Adkins and to Thrasher on March 23, 1990, was sufficient to create a rebuttable presumption that they received the letters. Thrasher had the opportunity to rebut this presumption of delivery at the nullity hearing but presented no rebuttal evidence. Thus, even if LSA-C.Cr.P. Art. 337 requires notice of the appearance date to be a completed process, by virtue of this presumption of delivery, there was proof by a preponderance of the evidence that notice was given to the surety, and thus the trial court heard proper evidence of the requisite notice.
Moreover, Thrasher unequivocally admitted that he received the letter notifying him of the appearance date. Thus, there is no question that the instant surety received actual notice of Adkins’ appearance date and was not deprived of procedural due process. Accordingly, we hold that it was proper for the judge to enter a judgment decreeing the forfeiture of the Adkins bond. Because of the state’s unrebutted proof that notice of the forfeiture judgment was mailed, as required by law, to Thrasher, we find no error in the trial court finding that the Adkins bond forfeiture was properly entered and that the resultant seizure also was proper.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Finding no error in the trial court judgment in favor of the state, we do not address the state’s peremptory exception which was filed with this court after remand from the Supreme Court. All costs are assessed against appellant.
AFFIRMED.
APPLICATION FOR REHEARING
Before LINDSAY, HIGHTOWER, VICTORY, BROWN and STEWART, JJ.
Rehearing Denied.