663 So.2d 386 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Derrick DAVIS (Ranger Insurance Co.) Defendant-Appellant.
No. 95-408.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
*387 Paul Peter Reggie, Lake Charles, for State of Louisiana.
William Noland, New Orleans, for Ranger Insurance Company.
Before SAUNDERS, SULLIVAN and KNIGHT[*], Judges.
SULLIVAN, Judge.
This is a nullity action involving a criminal appearance bond forfeiture judgment. Appellant, Ranger Insurance Company, seeks reversal of the trial court's denial of its petition for nullity of judgment and motion for discharge and release of Ranger as surety for defendant, Derrick Davis. We reverse.

FACTS
Davis was arrested in January 1993 for possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1). He was taken into custody. On January 20, 1993, Davis' release was secured by a $25,000 bail bond posted by Ranger through its Lake Charles agent, Sandra Harmon.
On March 11, 1993, Davis was indicted on the charge by the Calcasieu Parish Grand Jury. On April 12, 1993, his arraignment date was fixed for April 26, 1993. On that date, the arraignment was refixed for May 24, 1993. The Calcasieu Parish Clerk of Court notified Davis' attorney of the new arraignment date. Additionally, the Calcasieu Parish Sheriff's Office sent notice to Davis at his Harvey, Illinois address and to Ranger's agent, Sandra Harmon, by certified mail, return receipt requested. The record indicates that Harmon received the notice on April 29, 1993.
On May 24, 1993, Davis failed to appear at his arraignment. Deputy Betty Owens testified *388 that notice was mailed on May 12, 1993 to the defendant at an address provided on his bond. She stated that the "[N]otice was not returned, signed receipt from bondsman was returned." The notices were entered into evidence, and the district attorney moved for the issuance of a bench warrant and bond forfeiture judgment. Judge Gray then ordered the warrant issued and the bond forfeited.
On July 12, 1993, Judge Planchard signed the judgment of appearance bond forfeiture in the amount of $25,000. There is no evidence in the record that either Davis or Ranger were ever sent notice of this judgment as required by La.R.S. 15:85(A)(1).
On September 29, 1993, a man named Derrick Davis, who claimed to not be the same Derrick Davis at issue in this case, appeared before Judge Quienalty to answer the bench warrant. Apparently, he had been arrested on an unrelated charge. The arrestee explained to the judge that he was not the Derrick Davis who failed to appear for arraignment on May 24, 1993. He claimed to have no knowledge of the arraignment date. The judge rejected his explanation as insufficient, held this second Derrick Davis in contempt and sentenced him to ten (10) days in jail to run consecutively with any other sentence he was then serving. On motion of the district attorney, Judge Quienalty refixed this matter for arraignment on October 18, 1993.
Later that day, the defendant's counsel appeared before Judge Quienalty and informed the court that the Derrick Davis whom he sentenced was not the same person as the defendant in this matter. The district attorney agreed and, despite the fact that the first Derrick Davis was not in custody, moved the court to recall the bench warrant and set aside the bond forfeiture judgment. The court granted the state's motion. However, no written order or judgment implementing said order was signed, nor was any notice of said action sent to Davis or Ranger.
On October 1, 1993, the district attorney appeared before Judge Thompson to inform him of what had transpired in this case two (2) days earlier in Judge Quienalty's court. She explained the mistaken identity situation and asked the court to reinstate the bench warrant and bond forfeiture judgment because "the right Derrick Davis still did not show up at his arraignment." Judge Thompson reissued the bench warrant and reinstated the bond forfeiture judgment. No notice of the reinstated judgment was sent to either Davis, Ranger or Ranger's agent/bondsman.
On March 21, 1994, Judge Quienalty ordered Davis' arraignment date reset for April 4, 1994. The Calcasieu Parish Sheriff's Office mailed notice of the arraignment date to Davis at his Harvey, Illinois address on March 24, 1994. There is no evidence of a certified mail, return receipt in the record which would indicate that the notice was sent to Ranger's bondsman, Harmon, or that she received said notice.
On April 4, 1994, Davis failed to appear before Judge Gray for his arraignment. Judge Gray passed on the matter.
On April 6, 1994, before Judge Planchard, the state moved to forfeit the bond again for Davis' failure to appear on April 4, 1994. Deputy Sheriff Malina Dally testified, in toto, as follows:
The defendant wasthe notice was mailed 3/24/94 to 194 West 150th Street in Harvey, Illinois. Notice was not returned. Notice was also mailed to bondsman.
The actual bond was also entered into evidence. Although the district attorney did not orally request the introduction of the bond into evidence, a copy of the bond appears in the record at pp. 34-35. It contains a "FILED IN EVIDENCE" stamp marked "S-2" and dated "4-6-94." The state also introduced the notice into evidence. Judge Planchard issued a bench warrant and ordered the bond forfeited. He signed the judgment of appearance bond forfeiture on April 11, 1994.
On April 15, 1994, the Calcasieu Parish Clerk of Court sent notice of the bond forfeiture judgment by certified mail, return receipt requested to Davis at the address in Harvey, Illinois, and to Ranger at its Carlsbad, California office. The receipt sent to Davis was returned marked "no such number." The notice sent to Ranger evidences receipt on April 25, 1994.
*389 On October 17, 1994, Ranger filed a pleading styled "Petition for Nullity of Judgment of Bond Forfeiture and Motion for Discharge and Release of Surety[;] Request for a Stay Order." Therein, Ranger asserted that the July 12, 1993 bond forfeiture judgment was null because no notice of said judgment was sent to Ranger within the six (6) month period following entry of the forfeiture. Hence, according to Ranger, the last sentence of La.R.S. 15:85(A)(1)(a) operated to release Ranger from all obligations under the bond. Additionally, Ranger challenged the efficacy of the second bond forfeiture judgment dated April 11, 1994 because it was not supported by "proper evidence." Specifically, Ranger asserted that the state's failure to present the bond contract and power of attorney number into evidence at the April 6, 1994 hearing rendered this judgment likewise null. Ranger also asserted that this second judgment was null because it was based on a bond for which its obligation had been extinguished by the state's failure to send notice of the first (July 12, 1993) judgment.
Judge Quienalty conducted a hearing on Ranger's nullity petition on November 14, 1994. Ranger's counsel asserted the arguments for nullity as summarized in the preceding paragraph. The trial court denied the relief sought and reasoned, in part, as follows:
If you're saying something is wrong with [the] May 24, `93 [judgment], you can't very well use it to invalidate something that occurred later. Now, if you're willing to pay for the May 24, `93 [judgment], fine. We'll take payment, and we'll go on, but we're not going to wash both.

* * * * * *
But, if there is something wrong with the first [judgment] preventing payment, it cannot stand as a precedent for [Ranger] to invalidate the second. I'm just not going to do that.

* * * * * *
If [the] `93 [judgment] is invalid, then [the] `94 [judgment] is. If [the] `94 [judgment] is valid, then [the] `93 [judgment] is valid. That's my position so far, and that's my ruling.
On November 28, 1994, the trial court signed judgment denying Ranger's claims and dismissing its action. This appeal followed.

LAW
This appeal is somewhat unusual in that it involves two separate bond forfeiture judgments, each of which is covered by different versions of the applicable law. Prior to June 22, 1993, La.R.S. 15:85, which dictates the procedure necessary for bond forfeiture, provided, in pertinent part, as follows:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
The above statute is applicable to the first judgment which was rendered in open court on May 24, 1993 and signed on July 12, 1993.
*390 During the 1993 session, the Louisiana legislature passed a series of amendments commonly known as the "Bail Reform Act." By Acts 1993, No. 834, § 4, effective June 22, 1993, the legislature changed La.R.S. 15:85 to provide, pertinently, as follows:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(2) Signing of the judgment of bond forfeiture. Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture.
(3) Notice of judgment.
(a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt to all the following:
(i) The defendant at the address designated pursuant to Code of Criminal Procedure Art. 322.
(ii) The personal sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322.
(iii) The agent or bondsman who posted the bond for the commercial sureties at the address designated pursuant to Code of Criminal Procedure Art. 322.
(iv) The commercial sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322. Notice to the commercial sureties shall include the power of attorney number used to execute the bond.
(b) After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record.
(c) Failure to mail proper notice of the signing of the judgment within sixty days after the defendant's failure to appear shall release the sureties of any and all obligations under the bond.
This statute is applicable to the second judgment which was rendered on April 6, 1994 and signed on April 11, 1994.

The 1993 Judgment
This judgment was based upon Davis' failure to appear for arraignment on May 24, 1993. The record indicates that both Davis and Ranger were sent notice of the appearance date in accordance with La.Code Crim.P. art. 337.
There is no evidence in the record that the clerk of court complied with the mandates of La.R.S. 15:85(A)(1)(a) insofar as the notice of the judgment is concerned. There is no evidence that the surety was mailed notice or that a copy of the notice was mailed to the agent of the surety who posted the bond. Additionally, we find no affidavit of mailing in the record.
It is well settled that, in order to obtain a bond forfeiture judgment, the state must comply strictly with the terms of the statute regulating bond forfeitures. State v. DeLaRose, 391 So.2d 842 (La.1980). La.R.S. 15:85(A)(1)(a) requires notice of judgment to the surety with a copy of the notice to the surety's agent. The statute clearly contemplates the mailing of two notices of forfeiture of the bond. State v. Coran, 386 So.2d 914 (La.1980). Minor defects in the procedure utilized may be considered harmless if the record as a whole shows that the surety received notice and was not prejudiced by the deficiencies. State v. Brown, 577 So.2d 784 (La.App. 2d Cir.1991).
*391 In State v. Hathaway, 403 So.2d 737 (La. 1981), the Louisiana Supreme Court ruled that the state's failure to comply with the sixty (60) day[1] notice requirement of La.R.S. 15:85(A) resulted in prejudice to the surety sufficient to nullify the judgment at issue. The surety in State v. Hathaway did not receive notice until 120 days after entry of the forfeiture.
The purpose of the prompt notice provision is to notify the surety of the defendant's nonappearance and to give the surety a reasonable opportunity to apprehend and surrender the defendant to the proper authorities. It is axiomatic that, as the time period between entry of the forfeiture and the sending of notice thereof increases, the surety's chances of tracking down the defendant are progressively diminished.
In the case sub judice, there is no evidence that Ranger or its agent was ever notified of the forfeiture. Unlike State v. Hathaway, where the notice of forfeiture was sent after the statutory time limit, notice in this case was never sent to Ranger or its agent. The failure to properly mail notice within six (6) months after entry of the forfeiture resulted in prejudice to Ranger's rights under the bond. Pursuant to the last sentence of the pre-June 22, 1993 version of La.R.S. 15:85(A)(1)(a), this failure resulted in the release of Ranger by operation of law "from all obligations under the bond." (Emphasis added.)
For these reasons, we conclude that the July 12, 1993 bond forfeiture judgment is null ab initio. Ranger is released from its obligations thereunder.

The 1994 Judgment
Ranger attacks this judgment because (1) it was not supported by proper evidence and (2) it was based upon a bond for which Ranger was released of its obligations by the state's failure to send to Ranger or its agent timely notice of the first (July 12, 1993) judgment.
Under the post-June 22, 1993 version of La.R.S. 15:85, "proper evidence" necessary to forfeit a bond includes "the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure." At the bond forfeiture hearing, the deputy testified that notices of the appearance date were mailed to the defendant and the bondsman in compliance with La.Code Crim.P. art. 344. The notice was placed into evidence, as was a copy of the bond. The power of attorney was not presented into evidence. There was not mention made on the record as to whether a power of attorney existed in this case.
This failure to include the power of attorney technically violated the statute. However, we consider this to be a minor defect which Ranger has failed to prove prejudiced its rights. State v. Brown, 577 So.2d 784.
We cannot say the same for Ranger's second basis for nullity. The first judgment was signed on July 12, 1993. It was vacated on September 29, 1993 and reinstated on October 1, 1993, without any written order signed by a judge for either action. By January 12, 1993 (six months after signing of the judgment), the clerk of court had failed to notify Ranger or its agent of the judgment. At that point, Ranger, as surety, was relieved of all obligations under the bond.
Thereafter, the state reset Davis' arraignment and sent notice thereof to Davis and the bondsman. Two days after he failed to appear, the court ordered forfeiture of the bond under which Ranger had previously been relieved of all obligations. A party to a contract cannot be held liable in judgment under that contract if, prior to judgment, the party has been relieved of all of its obligations under the contract. See generally La.Civ.Code art. 1831, which governs the burden of proof of obligations. Ranger sufficiently proved by a preponderance of the evidence that its obligation under the bond had been extinguished. In this case, the trial *392 court erred by holding Ranger liable on the bond contract under which Ranger's obligations had been previously extinguished.
For these reasons, we conclude that the 1994 judgment is also null ab initio, and we order that Ranger be relieved of its obligation thereunder.

DECREE
The judgment of the trial court rendered in favor of appellee, the State of Louisiana, and against appellant, Ranger Insurance Company, is hereby reversed.
Costs of these proceedings, which total $545.10, are to be paid by the State of Louisiana.
REVERSED AND RENDERED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Under the law applicable to State v. Hathaway, the last sentence of La.R.S. 15:85(A)(1) read:

Failure to mail the proper notice within sixty days after entry of the forfeiture shall release the surety from all obligations under the bonds.
The "sixty days" provisions was changed to "six months" by Acts 1979, No. 786.