11 SEXTON, Judge,
dissenting.
The plaintiff bonding company filed suit to nullify a bond, asserting three contentions. The first point is that the bond was not executed before an officer authorized to take it. I agree this point is correctly analyzed and disposed of in State v. Wafer and American Bonding Company, 27,433 (La.App. 2d Cir. 9/27/95) 661 So.2d 569.
However, I disagree that the bonding company inadequately presented its other two contentions to the district court, and therefore these should be disregarded by us. These two points are that the notice of forfeiture failed to include the power of attorney number used to execute the bond and that insufficient evidence was submitted at the time the bond was forfeited to authorize that bond forfeiture, both contrary to LSA-R.S. 15:85.
With respect to the question of whether these matters were adequately raised in the district court, there can be no doubt that the bonding company pled the lack of inclusion of *178 the power of attorney number in paragraph 8 of its supplemental petition. Further, while paragraph 7 of the supplemental petition might be said to be vague, I believe that it adequately complains of the quality of evidence submitted at the time of the bond forfeiture. Pleadings are to be liberally construed. LSA-C.C.P. Art. 865; Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297 (La.1973); Succession of Ridley, 247 La. 921, 175 So.2d 269 (1965); Breaux v. Laird, 230 La. 221, 88 So.2d 33 (1956). Pleadings must be construed so as to afford litigants their day in court, to arrive at truth, and to do substantial justice. Kuebler v. Martin, 578 So.2d 113 (La.1991).
Further, at the trial of the nullity petition, the bonding company moved the trial court to take judicial notice of the entire record to that point. There was no objection from the defendant and the trial court agreed. Thus, the pleadings can be said to be expanded to the extent that this evidence may do so. LSA-C.C.P. Art. 1154.
Indeed, the only argument made at the hearing by counsel for the bonding company related to the adequacy of the bond contract. However, counsel was cut short by the court and obviously was attempting to argue another point when the court “cut in.” At the conclusion of the hearing, counsel requested permission and the court allowed the filing of a fetter brief, a copy of which is in the record. All three points argued here are clearly argued in that brief filed September 15,1994.
The argument relating to the notice of forfeiture and its failure to include the power of attorney number used to execute the bond is of no avail to the bonding company. State v. Hartley, 614 So.2d 211 (La.App. 3d Cir.1993).
However, I believe that the bonding company’s final position raising the sufficiency of evidence to forfeit the bond is a serious one. LSA-R.S. 15:85 provides that at the time fixed for the appearance, if the defendant fails to appear and answer when called, the judge on motion of the prosecutor and, “upon hearing of proper evidence including; the bail contract; the power of attorney, if any; and the notice to the defendant and the surety as required by Art. 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.”
As a general rule, bond forfeitures are not favored. Before a judgment of forfeiture can be entered, the state must strictly comply with the provisions of LSA-R.S. 15:85 and LSA-C.Cr.P. Art. 337; State v. Bailey, 567 So.2d 721 (La.App 2d Cir.1990). It is clear from the transcript that at the time the defendant failed to appear, March 20, 1992, and the state requested a bond forfeiture, the state did not file “proper evidence.” These items were apparently all subsequently filed at some point as they are contained in the record. There is no filing stamp thereon, however. (Probably the items were submitted on November 2, 1992, the date the judgment of the bond forfeiture was signed.)
Clearly, then, the state has not complied with LSA-R.S. 15:85. State v. Bailey, supra; State v. Sargent, 595 So.2d 722 (La.App. 5th 1992). That still does not resolve whether the bonding company should prevail here.
The state has made the alternative contention that the action to nullify the bond forfeiture has prescribed. Indeed, LSA-R.S. 15:85(5) provides 60 days for the surety to bring summary proceedings to contest the bond forfeiture. However, LSA-R.S. 15:85(9) provides | gthat nullity actions pursuant to LSA-C.C.P. Art. 2001, et seq. may be brought by the use of ordinary proceedings. Annulment for vices of form may be challenged at any time. LSA-C.C.P. Art. 2002.
Because this nullity action was brought more than one year after the judgment of bond forfeiture, the seminal question is whether this action involves vices of substance which prescribe in one year, LSA-C.C.P. Art. 2004, or whether the action involves vices of form, which can be brought at any time. LSA-C.C.P. Art. 2002.
LSA-R.S. 15:85 provides that there shall be proof of adequate notice of the appearance date to both the surety and the defendant in order to obtain a bond forfeiture. The fact *179 that a proper notice may actually have been sent is of no moment if the judgment of bond forfeiture is obtained without that proof. State v. Adkins, 621 So.2d 656 at 659 (La.App. 2d Cir.1993), writ denied, 629 So.2d 1126 (La.1993). In other words, the requirement of notice requires proof of notice before a bond can be forfeited. State v. Likens, 577 So.2d 285 (La.App. 3d Cir.1991), writ denied, 580 So.2d 386 (La.1991). The jurisprudence is clear and consistent that a lack of proper notice is an absolute nullity which may be challenged any time under Art. 2002. State v. Adkins, supra; State v. Richardson, 633 So.2d 704 (La.App. 1st Cir.1993); State v. Likens, supra; State v. Dickerson, 534 So.2d 976 (La.App. 5th Cir.1988).
I therefore conclude that the failure to prove proper notice before obtaining a bond forfeiture equates to lack of actual notice so as to place the instant situation under Art. 2002.
I therefore respectfully dissent and would reverse.