684 So.2d 1068 (1996)
STATE of Louisiana, PlaintiffAppellee
v.
Ricky HOLLOWAY, Nighthawk Bail Bonds, Inc., Individually & as Agent For Allegheny Mutual Casualty of Newark, New Jersey, Defendants-Appellants.
STATE of Louisiana, Plaintiff-Appellee
v.
Shannon H. ROGERS, Nighthawk Bail Bonds, Inc., Individually & As Agent For Allegheny Mutual Casualty Of Newark, New Jersey, Defendants-Appellants.
Nos. 28,901-CA, 28,902-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1996.
*1069 William B. King, Shreveport, for Appellants.
Don Burkett, District Attorney, Charles B. Adams, Assistant District Attorney, for Appellee.
Before BROWN, CARAWAY and PEATROSS, JJ.
BROWN, Judge.
On April 22, 1994, Nighthawk Bail Bonds, Inc. ("Nighthawk") posted a bond in the amount of $2,163 on behalf of Shannon Rogers, who was charged with speeding, possession of marijuana and possession of drug paraphernalia. On July 28, 1994, Nighthawk posted a bond in the amount of $2,002 on behalf of Ricky Holloway, who was charged with possession of marijuana and possession of drug paraphernalia. Both Rogers and Holloway resided out of state. The surety company for both bonds was Allegheny Mutual Casualty Company ("Allegheny Mutual"). No appearance date was fixed at the time bonds were made. Thereafter, an arraignment date was set for September 8, 1994.
Neither Rogers or Holloway appeared for arraignment and the trial court issued bench warrants for their arrest and ordered the forfeiture of their bonds. Thereafter, judgments of bond forfeitures were signed. The record contains a verification by the clerk of court that notices of the judgments were sent on September 27, 1994, by certified mail to Rogers, Holloway, Nighthawk and Allegheny Mutual.
On May 23, 1995, eight months after the judgments of forfeiture were mailed, Nighthawk, individually and on behalf of Allegheny Mutual, filed petitions to annul the judgments and to set aside the bond forfeitures. In June 1995, the state moved to enjoin Nighthawk & Allegheny Mutual from executing bail bonds in the 11th Judicial District.[1]
On March 1, 1996, the trial court declined to annul/set aside the judgments of bond forfeiture. It is from this ruling that Nighthawk and Allegheny Mutual have appealed. We reverse.

DISCUSSION

(1) Timeliness of Petitions to Set Aside/Annul Judgments of Bond Forfeiture
La.R.S. 15:85 sets out the essential procedure for forfeiting bonds. La.R.S. 15:85(5) provides that within sixty days from the mailing of the notice of the signing of the judgment of bond forfeiture, a defendant or his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal case; however, subsection (9) of La.R.S. 15:85 states that actions of nullity based on vices of form or substance under La.C.C.P. art. 2001, et seq. not filed within the sixty days shall be brought by the use of ordinary civil proceedings. An action for nullity under La.C.C.P. art. 2002 may be asserted collaterally and at any time.
La.C.C.P. art. 2002(2) states that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken.
*1070 Appellants claim that they were not notified of the September arraignment date. La.R.S. 15:85 requires notice to the surety of the arraignment date when no date has been set on the bond. The failure to properly serve a surety with notice of the arraignment date is a vice of form under La.C.C.P. art. 2002(2) which can be asserted at any time unless defendant has voluntarily acquiesced in the judgment or was present in the parish at the time of its execution and did not attempt to enjoin its enforcement. La.C.C.P. arts. 2002, 2003; State v. Cook, 616 So.2d 272 (La.App. 2d Cir.1993); State v. Bailey, 567 So.2d 721 (La.App. 2d Cir.1990); State v. Norman, 672 So.2d 407 (La.App. 1st Cir. 1996); State v. Likens, 577 So.2d 285 (La. App. 3d Cir.1991), writ denied, 580 So.2d 386 (La.1991).
The state has argued that appellants have voluntarily acquiesced in the judgments and therefore have lost their right to bring actions to annul the judgments. The state claims that appellants paid the bonds under protest after the state moved to enjoin the operation of their commercial bonding business. Nothing in the record shows that the bonds have been paid and this court cannot rely solely on an argument presented in brief for factual information.
However, in Accredited Surety and Casualty Co., Inc. v. McElveen, 561 So.2d 728 (La.App. 3d Cir.1990), the court found that a surety's payments "under protest" did not trigger La. C.C.P. art. 2003's bar to a nullity action. As expressed in Accredited Surety and Casualty Co, Inc., supra, payment under protest is not a voluntary acquiescence such that appellants are precluded from asserting their nullity actions. Further, the case cited by the state, Gennuso v. State, 339 So.2d 335 (La.1976), appears to distinguish its holding from a case in which the bond is paid to avoid placing the bail bond business in jeopardy.
This record does not indicate execution of the judgments of forfeiture so as to implicate the second clause of Art. 2003. If, as argued in brief, payment of the judgments was made, then such payment would prevent the enforcement thereof and render the second part of Art. 2003 inapplicable. DLJ of Louisiana # 1 v. Green Thumb, Inc., 376 So.2d 121 (La.1979).
(2) Adequacy of Pre-forfeiture Notice
La.R.S. 15:85(1) provides:
Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond. (Emphasis added).
La.C.Cr.P. art. 344 requires notice of the appearance date and provides for the giving of this notice. When the bail bond does not fix the appearance date, before a bond forfeiture can be ordered, written notice of the appearance date must be delivered or mailed to either the surety or the surety's agent or bondsman. La.C.Cr.P. art. 344(B)(1) and (2); State v. Roy, 95-724 (La. App. 3d Cir. 12/06/95), 666 So.2d 1124. The express language of La.C.Cr.P. art. 344(B)(2) requires no special form of mailing; regular mail is sufficient to notify a surety or his agent or bondsman of the date set for defendant's appearance.
Because notice is required, "proper evidence" that the state gave or attempted to give notice to the defendant and his surety must be presented in order to obtain a judgment of bond forfeiture. State v. Adkins, 621 So.2d 656 (La.App. 2d Cir.1993), writ denied, 629 So.2d 1126 (La.1993); State v. Cole, 618 So.2d 4 (La.App. 3d Cir.1993). In other words, proof of notice is essential before a bond can be forfeited. State v. Likens, supra.
In State v. Davis, 95-408 (La.App. 3d Cir. 10/04/95), 663 So.2d 386, the court found sufficient evidence that notice of appearance *1071 was given in accordance with La.C.Cr.P. art. 344. At the bond forfeiture hearing, a deputy testified that notices of the appearance date were mailed to the defendant and the bondsman. Further, the notice was placed into evidence.
In State v. Adkins, supra, this court found adequate compliance with the notice requirements of La.C.Cr.P. art. 337 (now C.Cr.P. art. 344). At the bond forfeiture hearing, a secretary in the district attorney's office testified that she sent a letter to defendant and a copy of the letter to the surety. A copy of the letter was also introduced into evidence. Further, at the nullity hearing, the surety testified that he received the letter notifying him of the appearance date.
In State v. Cole, supra, there was evidence that notice of appearance was sent by certified mail, return receipt requested, to the surety. The signed return receipt and copies of the notice were introduced into evidence. The Third Circuit found this sufficient proof that the surety received the requisite pre-forfeiture notice.
The testimony of a deputy sheriff that pre-forfeiture notices were sent to the defendant, his surety and the surety's agent and the introduction of a computer printout indicating the mailing of the notices by the sheriff's department were found sufficient to establish the state's compliance with La.C.Cr.P. art. 337 in State v. Cook, supra.
In the instant case, the minute entries reflect that on the motion of the assistant district attorney, the court being satisfied that all requirements of law were met and the defendants having failed to appear, the bonds were ordered forfeit. However, as noted by the trial court in its reasons for judgment, the minutes do not reflect the information considered by the court prior to the entry of the forfeiture judgments.
The following is excerpted from the trial court's written reasons for judgment:
With regard to the notices, attached to these Reasons for Judgment, is [a copy of] the Court Appearance notification slip used by the sheriff's office ... In these cases, as in previous cases, the Court takes judicial notice of the fact that the sheriff's office mails the original white copy to the defendant, and the yellow copy to the surety, the pink copy is attached to the bond which is a part of this record, and the green copy is an extra which is not normally used. Because multiple court appearance slips are mailed to the various sureties, the sheriff's office here, as in other cases, types the name and address of the surety only on the first copy which appears in the mailing window of the envelope used to send the notification slips and simply writes the name of the surety on all other copies. As it appears in these cases, all of the required notices have been sent and the requirements of law for a valid judgment of forfeiture have been complied with.
The record in this case simply does not support the trial court's conclusion that proper evidence was presented that the requisite notices of appearance were given to appellants. Unlike State v. Adkins, supra, State v. Davis, supra, and State Cole, supra, in the instant case there was neither testimony nor exhibits showing that appearance notices were mailed to or served upon the surety, his agent or bondsman. The copies of the notices of appearance that are attached to the trial court's written reasons list only defendants', Rogers' and Holloway's, names and addresses and the date they were to appear. "Nighthawk" is handwritten in the top left corner. The notices contain no notation that copies were sent to the surety.
Because the judgments of bond forfeiture were obtained without proof of proper notice of appearance, they are invalid and we are constrained to annul the judgments.[2]

CONCLUSION
For the reasons set forth above, the trial court's ruling upholding the judgments of bond forfeiture is REVERSED. The judgments *1072 of bond forfeiture are hereby ANNULLED.
NOTES
[1] The record shows no disposition of this rule; however, in its brief to the trial court, the state's attorney asserted that Allegheny Mutual has paid the face amounts of the judgments but the state has not cashed the checks because of the pending litigation.
[2] The parties are back where they started. New notices of appearance can be served in accordance with law and if Rogers and Holloway again fail to appear, the bonds can then be forfeited.